1

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)

2
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3
2255 Calle Clara
La Jolla, CA 92037

4
Telephone: (858)551-1223
Facsimile: (858) 551-1232

5

**UNITED EMPLOYEES LAW GROUP**

6
  Walter Haines, Esq. (CSB #71075)
65 Pine Ave, #312

7
Long Beach, CA 90802
Telephone: (562) 256-1047

8
Facsimile: (562) 256-1006

9
Attorneys for Plaintiffs

10

11
**UNITED STATES DISTRICT COURT**

12
**SOUTHERN DISTRICT OF CALIFORNIA**

13

14
BRENT FLETCHER; on behalf of
himself, and on behalf of all persons

15
similarly situated,

16
            Plaintiffs,

17
vs.

18
VERIZON COMMUNICATIONS INC., a
corporation doing business as VERIZON;

19
VU VERIZON ENTERPRISE
DELIVERY, an unknown entity;

20
VERIZON ENTERPRISE DELIVERY
LLC, a limited liability company; and

21
DOES 1 through 10,

22
            Defendants.

23

24

25

26

27

28

CASE No. 09-CV-1736 LAB POR

**FIRST AMENDED** COMPLAINT FOR
DAMAGES, RESTITUTION, AND
INJUNCTIVE RELIEF:

   (1) UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE § 17200 *et seq.*;
   (2) FAILURE TO PAY EARNED
WAGES AND OVERTIME
COMPENSATION IN VIOLATION OF
CAL. LAB. CODE §§ 204, 210, 218,
510,  1194 AND 1198;
   (3) FAILURE TO PROVIDE
ACCURATE ITEMIZED STATEMENTS
IN VIOLATION OF LABOR CODE §
226;
   (4) FAILURE TO PROVIDE MEAL
PERIODS IN VIOLATION OF CAL.
LAB. CODE §§ 226.7 AND 512;
   (5) VIOLATION OF FAIR LABOR
STANDARDS ACT [29 U.S.C. § 216];
and,
   (6) LABOR CODE PRIVATE
ATTORNEY GENERAL ACT [Labor Code
§ 2698]

DEMAND FOR A JURY TRIAL

1

## INTRODUCTION

1.      This class action is brought by Plaintiff Brent Fletcher ("PLAINTIFF") individually and on behalf of present and former employees of VERIZON COMMUNICATIONS INC., doing business as Verizon, VU VERIZON ENTERPRISE DELIVERY, an unknown entity, and VERIZON ENTERPRISE DELIVERY LLC, a limited liability company ("DEFENDANT") in California during the Class Period.  DEFENDANT failed to correctly calculate the overtime rate for PLAINTIFF and other similarly situated employees because DEFENDANT excluded the on-call stipend paid to these employees from the regular rate calculation, and as a result, these employees were uniformly underpaid for overtime work and therefore did not receive all of the overtime compensation to which they were entitled by law.  DEFENDANT also systematically failed to pay PLAINTIFF and other similarly situated employees for the actual numbers of hours worked, regular and/or overtime, during the Class Period.  These employees were placed onto standby, on-call duty but were not paid the required compensation for these hours worked, regular and/or overtime, during the Class Period.  The DEFENDANT's on-call policies require these employees to respond via travel within 5 to 15 minutes of being called with hardware required and require resolution of the issue with 20 minutes to 2 hours depending upon system to be addressed, twenty-four (24) hours a day, seven (7) days a week, with the only compensation being paid is an on-call stipend.  As a result, PLAINTIFF and other employees did not receive compensation for all hours worked, including but not limited to the overtime hours worked.  PLAINTIFF and other similarly situated employees were also required to perform work as ordered by DEFENDANT for more than five hours during a shift without receiving a meal break as evidenced by daily time reports for these employees. Even though these daily time reports evidence that employees worked for DEFENDANT more than five hours during a shift without receiving a meal break, DEFENDANT has no policy or practice in place to compensate these employees as required by law.  Finally, the wage statements and DEFENDANT's practices with respect to such wage statements issued to PLAINTIFF and other similarly situated employees violate California law, and in

1  particular, Labor Code § 226.  The policies and practices of DEFENDANT alleged herein

2  constitute deceptive, unfair and/or unlawful business practices whereby DEFENDANT

3  retained wages due PLAINTIFF and other similarly situated employees for all hours

4  worked.  PLAINTIFF seeks an injunction enjoining such conduct by DEFENDANT in the

5  future, relief for the named PLAINTIFF and other similarly situated employees as set forth

6  herein below, and all other appropriate equitable relief.

7        2.        Defendant VERIZON COMMUNICATIONS INC., is a corporation with

8  headquarters in New York.  VERIZON COMMUNICATIONS INC. conducts business

9  under the names "Verizon," "VU Verizon Enterprise Delivery," and "Verizon Enterprise

10  Delivery," and is collectively referred to herein as "VERIZON."  VERIZON is the party

11  who established and is responsible for the practices alleged herein.  VU VERIZON

12  ENTERPRISE DELIVERY is an unknown entity located in Irving, Texas, which appears on

13  the wage statement as one of the employers.  VU VERIZON ENTERPRISE DELIVERY is

14  believed to be a fictitious name for VERIZON and is believed to have participated in the

15  practices alleged herein in some manner.  VERIZON ENTERPRISE DELIVERY LLC is a

16  limited liability company located in Irving, Texas, and is believed to have participated in the

17  practices alleged herein in some manner.  VERIZON is engaged in the business of providing

18  broadband and other wireless and wireline communications services to mass market,

19  business, government and wholesale customers throughout California and the United States.

20  Specifically, VERIZON provides Information Technology ("IT") services throughout

21  California, including in San Diego County, Los Angeles County, Orange County, Santa

22  Clara County, San Mateo County and Alameda County, where members of the Class alleged

23  herein work and reside.  VERIZON employs a workforce of more than 237,000 and last year

24  generated consolidated operating revenues of more than $97 billion.

25        3.        VERIZON conducted and continues to conduct substantial and

26  regular business throughout California and also is an enterprise that affects commerce by

27  engaging in the enterprise of engaging in nationwide communications through interstate

28  commerce and by regularly and recurrently receiving or transmitting interstate

3

**FIRST AMENDED** COMPLAINT

communications.

4.     VERIZON, based in New York City and incorporated in Delaware, was formed on June 30, 2000, with the merger of Bell Atlantic Corp. and GTE Corp.  VERIZON trades on the New York Stock Exchange (NYSE) under the VZ symbol.  The mergers that formed VERIZON were among the largest in U.S. business history.  Prior to the merger, GTE was one of the world's largest telecommunications companies, with 1999 revenues of more than $25 billion. GTE's National and International Operations served approximately 35 million access lines through subsidiaries in the United States, Canada and the Dominican Republic, and through affiliates in Canada, Puerto Rico and Venezuela. GTE provided internetworking services, ranging from dial-up Internet access for residential and small-business consumers to Web-based applications for Fortune 500 companies. GTE was also a leader in directories and telecommunications-based information services and systems. GTE moved its headquarters from Stamford, Connecticut, to Irving, Texas.  Prior to the merger, Bell Atlantic was even larger than GTE, with 1999 revenues of more than $33 billion. Its Domestic Telecom unit served 43 million access lines, including 22 million households and more than 2 million business customers. Its Global Wireless unit managed one of the world's largest and most successful wireless companies, with 7.7 million Bell Atlantic Mobile customers in the United States and international wireless investments in Latin America, Europe and the Pacific Rim.

5.     The Bell Atlantic - GTE transaction -- valued at more than $52 billion at the time of the announcement -- was designed to join Bell Atlantic's sophisticated network that served its densely-packed, data-intensive customer base in 13 states from Maine to the Virginias with GTE's national footprint, advanced data communications capabilities and long-distance expertise.  The new "Verizon" brand was launched on April 3, 2000.  When VERIZON began operations in mid-2000, the leaders of Bell Atlantic and GTE shared management responsibility for the company. Former GTE Chairman and CEO Charles R. "Chuck" Lee became VERIZON's founding Chairman of the Board and co-CEO, while former Bell Atlantic CEO Ivan Seidenberg became VERIZON's founding President and

**FIRST AMENDED** COMPLAINT

1  co-CEO. In accordance with a leadership transition plan announced at the time of the

2  merger, Lee retired from VERIZON in 2002. Seidenberg is currently Chairman and CEO of

3  VERIZON.

4          6.        VERIZON continues to have a nationwide presence in wireline and wireless

5  markets, with well more than 100 million Americans connecting to a VERIZON network

6  daily. With the addition of MCI, Inc., in 2006, VERIZON became the leading provider of

7  advanced communications and information technology solutions to large business and

8  government customers worldwide.  VERIZON's wireline network includes more than 36

9  million access lines and nearly 8.7 million broadband connections nationwide. Over 1 billion

10  phone calls and trillions of bits of data were being carried over this nationwide network on

11  an average business day.  VERIZON generated more than $97 billion in 2008 total

12  consolidated operating revenues, and at year-end 2008, VERIZON had nearly 224,000

13  employees, serving customers in more than 140 countries. VERIZON currently operates two

14  network-based business units: Verizon Wireless, operator of a wireless network, and

15  Wireline, comprised of Verizon Telecom, which deploys the most advanced wireline

16  broadband and video network in America today, and Verizon Business, which includes

17  many former MCI operations and serves medium and large businesses and government

18  customers.

19                                      **CONDUCT**

20          7.        VERIZON's business involves the providing of providing IT,  wireline, and

21  broadband services to consumers, companies, businesses and government entities.  In order

22  to provide these continuous services, VERIZON employs a staff who maintain the hardware,

23  software, applications and desktops for VERIZON and its end-users.  VERIZON requires

24  this maintenance staff to work at all hours of the night and day to keep the services operation

25  and to resolve problems immediately.  As a result, non-exempt IT maintenance staff are

26  required to remain on-call standby.  VERIZON's on-call policies require these employees to

27  respond via travel within 5 to 15 minutes of being called with hardware required and require

28  resolution of the issue within 20 min to 2 hours depending upon system to be repaired,

1  twenty-four (24) hours a day, seven (7) days a week.  These requirements so restrict and

2  control the employee, that these employees are unable to engage in private pursuits.

3  VERIZON does not pay for the stand-by hours worked remaining on-call, and the only

4  compensation being paid for this work is a on-call stipend.

5         8.     The non-exempt employees in IT maintenance staff positions have been given

6  titles like "technical specialist", "technician", "specialist", "analyst", "engineer", "operator",

7  or "maintainer".  Collectively, employees in these positions are referred to herein as "IT

8  maintenance staff."  The duties that are performed by these employees primarily involve the

9  day to day labor to maintain, repair, troubleshoot, build and monitor the computerized IT

10  system for VERIZON and end-users.  The duties for these employees also require

11  performance of non-office, manual labor, including but not limited to carrying, lifting,

12  bending and physical installation of computer hardware parts and components.  As a matter

13  of course, technical problems often arise with this equipment at all hours of the day and at

14  all hours of the night.  Responding to these problems and maintenance demands are not only

15  performed throughout the normal workday, but also pursuant to an on-call policy imposed

16  by VERIZON by which these employees were and still are responsible to respond to calls

17  and perform troubleshooting work to resolve the problems at issue at all hours of the night.

18  All of these job duties are non-exempt job duties.  These employees performs these

19  functions, and all duties, according to established company policies, protocols, and

20  procedures.  This action involves the policies and practices of VERIZON with respect to

21  these IT maintenance employees who are classified by VERIZON as non-exempt on an

22  hourly basis.

23         9.     Plaintiff Bryan Fletcher was first employed by DEFENDANT in March 1997

24  and continues to work for DEFENDANT to the present day.  During the relevant period,

25  PLAINTIFF is employed by DEFENDANT in a non-exempt IT maintenance position with

26  the title "technical specialist."  As a non-exempt IT maintenance employee, PLAINTIFF

27  was required to perform standby, on-call work pursuant to DEFENDANT's on-call policies

28

**FIRST AMENDED** COMPLAINT

require these employees to respond via travel within 5 to 15 minutes of being called with

hardware required and require resolution of the issue with 20 minutes to 2 hours depending

upon system to be addressed, twenty-four (24) hours a day, seven (7) days a week, with the

only compensation being paid is an on-call stipend.  As a result, DEFENDANT as a matter

of consistent policy and practice failed to pay PLAINTIFF for the hours spent under the

control of DEFENDANT on performing standby, on-call work during the Class Period.  As

a result, PLAINTIFF did not receive compensation for all hours worked, including but not

limited to the overtime hours worked.  Like of the other similarly situated non-exempt IT

maintenance employees, PLAINTIFF was uniformly underpaid for overtime work and

therefore did not receive all of the overtime compensation to which he were entitled because

DEFENDANT excluded the on-call stipend paid to PLAINTIFF from the regular rate

calculation.  As evidenced by the daily time reports, PLAINTIFF was also required to

perform work as ordered by DEFENDANT for more than five hours during a shift without

receiving a meal break.  There were at least forty (40) incidents during the last year when the

daily time reports evidence that PLAINTIFF worked continuously for more than five (5)

hours without a meal break.  These missed meal breaks were the result of the on-call

requirements and demands imposed by DEFENDANT which required PLAINTIFF to

respond even if a meal break was required by law.  PLAINTIFF did not receive

compensation for missed meal breaks as DEFENDANT had no policy or practice in place to

compensate employees for missed meal breaks as required by law.  Finally, the wage

statements received by PLAINTIFF from DEFENDANT failed to contain all of the required

information in violation of Labor Code § 226(a) and DEFENDANT has a policy which

denies employees the right to inspect wage statements from prior pay periods in violation of

labor Code § 226(b) and (c).

        10.     The work schedule and on-call schedule for PLAINTIFF and other IT

maintenance staff employees is dictated by the general management to which they directly

report, and the demands of  work.   The on-call schedule for PLAINTIFF is twenty-four

1   hours a day during both the week and weekends, every other week.

2        11.     For this on-call stand-by work, PLAINTIFF and other IT maintenance staff

3   employees only receive a stipend equal to four hours of wages per week.  This stipend

4   amount is not sufficient to compensate these employees for the on-call hours worked.

5   Further, DEFENDANT uniformly excludes the stipend amount from the regular rate

6   calculation and thereby systematically underpays the overtime compensation paid to these

7   employees.  When PLAINTIFF and other IT maintenance staff employees are subject to on-

8   call pages and on-call repairs, PLAINTIFF and other IT maintenance staff employees are

9   required to immediately respond and perform the required work, an often this interrupts a

10  meal break or prevents these employees from taking a required meal break.  When this

11  occurs DEFENDANT uniformly fails to provide the required missed meal break

12  compensation to these employees, and in fact, does not have a procedure in place to pay

13  these employees for the documented missed meal breaks as required by California law.  The

14  records of the DEFENDANT will evidence the on-call work, the stipend payments and the

15  corresponding underpayment of overtime compensation during that workweek, and the

16  missed meal breaks.

17       12.     PLAINTIFF and the other IT maintenance staff employees were and are

18  employed as working members of the production side of DEFENDANT's business.  The

19  primary job duties of PLAINTIFF and IT maintenance staff employees were and are to

20  troubleshoot, repair, configure, maintain computers systems of DEFENDANT and

21  DEFENDANT's clients, using manual labor and computer technician skills.  As a result,

22  PLAINTIFF and the other non-exempt banking location employees were not and currently

23  are not primarily involved in providing office or non-manual work directly related to the

24  management policies or general business operations with respect to matters of significance.

25  The work of PLAINTIFF and the other non-exempt banking location employees also does

26  not involve specialized or technical work that requires special training, experience or

27  knowledge.  The work of PLAINTIFF and other non-exempt banking location employees

28  also does not involve the management of the banking enterprise or the banking location and

8

1   these employees do not customarily and regularly exercises discretion and independent

2   judgment.  Instead, PLAINTIFF and the other non-exempt banking location employees were

3   and currently are primarily involved in providing day to day, routine, and general, manual

4   labor related to the production and delivery of DEFENDANT's business products.  Physical

5   demands of the position include standing, sitting, walking, bending, counting, checking,

6   talking, and installing products.

7          13.     DEFENDANT's unlawful, unfair, and deceptive employment and wage

8   practices cheat the PLAINTIFF and the other IT maintenance staff employees out of their

9   lawful wages due for all hours worked as required by California and federal law,

10  systematically underpays these employees overtime compensation as a result of the

11  exclusion of the stipend from the calculation, and fail to pay these employees the wages for

12  documented missed meal breaks.

13         14.     PLAINTIFF brings this class action on behalf of himself and a Class

14  consisting of all individuals who are or previously were employed by DEFENDANT in a IT

15  maintenance staff position in California that was classified by DEFENDANT as non-

16  exempt, and who were scheduled for on-call, standby work (the "CLASS") during the

17  CLASS PERIOD.  PLAINTIFF also brings this class action on behalf of himself and a Class

18  consisting of all individuals who are or previously were employed by DEFENDANT in a IT

19  maintenance staff position in California that was classified by DEFENDANT as non-exempt

20  for whom the DEFENDANT's record show one or more missed meal breaks ("MEAL

21  BREAK CLASS") during the CLASS PERIOD.  The class period applicable to this CLASS

22  and this MEAL BREAK CLASS is defined as the period beginning four years prior to the

23  filing of this Complaint and ending on the date of as determined by the Court (the "CLASS

24  PERIOD").  As a matter of company policy and practice,  DEFENDANT classified every

25  member of the CLASS as non-exempt, but failed to pay the required straight and overtime

26  compensation due these employees for all hours worked, and otherwise failed to comply

27  with all labor laws with respect to these employees.

28         15.     Individuals in the CLASS are and were employees who are entitled to regular,

and overtime compensation and prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and other compensation and working conditions that are prescribed by law.   Although DEFENDANT required the employees in the CLASS to work more than forty (40) hours a week, eight (8) hours in a workday, and /or on the seventh (7th) day of a workweek, as a matter of company policy and practice, DEFENDANT consistently and uniformly failed and still fails to implement a practice and procedure that compensates for all hours worked by these employees, including on-call time, fails to correctly pay the overtime compensation due for documented overtime as a result of the exclusion of the stipend compensation from the overtime calculation, and fail to institute a procedure that compensates these employees for documented missed meal breaks resulting from work demands.  The PLAINTIFF and members of the CLASS currently work or previously worked in California at times during the CLASS PERIOD for DEFENDANT and DEFENDANT's practices and procedures as alleged herein are and were common throughout California at all relevant times.

16.    In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to recover all the money that DEFENDANT was required by law to pay, but failed to pay, to PLAINTIFF and all other CLASS members for work performed.  PLAINTIFF also seeks penalties and all other relief available to him and other similarly situated employees under California law.  PLAINTIFF also seeks declaratory relief finding that the employment practices and policies of the DEFENDANT violate California law and injunctive relief to enjoin the DEFENDANT from continuing to engage in such employment practices and as necessary to remedy the unfair and unlawful employment practices.

17.    PLAINTIFF and all members of the CLASS are and were classified under Industrial Welfare Commission Wage Order 1-2001 and Cal. Lab. Code §§ 510 *et seq*. and Section 13(a)(5) of the Fair Labor Standards Act (the "FLSA") as non-exempt from applicable federal and state labor laws.  Under both the FLSA  and California Labor Law, these employees may only be classified as exempt if the employee primarily engages in duties and responsibilities involving (i) the "performance of office or non-manual work

1  directly related to management policies or general business operations" of BANK OF

2  AMERICA, (ii) the customary and regular exercising of discretion and independent

3  judgment, (iii) performed only under general supervision work along specialized or technical

4  lines requiring special training, experience, or knowledge, and (iv) is paid a monthly salary

5  equivalent to two times the minimum wage for full-time employment.  PLAINTIFF and the

6  other members of the CLASS do not meet all of these requirements.  As a result of the

7  DEFENDANT's consistent policy and practice as herein alleged, DEFENDANT failed and

8  still fail to pay overtime and other required compensation in accordance with applicable law.

9       18.    By reason of this uniform conduct applicable to PLAINTIFF and all

10  members of the CLASS and MEAL BREAK CLASS, DEFENDANT committed acts of

11  unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof.

12  Code § 17200 (the "UCL"), by engaging in a company-wide policy and procedure which

13  failed to correctly pay the PLAINTIFF, the CLASS and the MEAL BREAK CLASS of

14  similarly situated employees all compensation required for all hours worked.  As a result of

15  DEFENDANT's willful and intentional disregard of the obligation to include all earnings in

16  the calculation of overtime compensation, DEFENDANT failed to properly pay all required

17  overtime compensation for work performed by the members of the CLASS and violated the

18  FLSA and the California Labor Code and regulations promulgated thereunder as herein

19  alleged.

20       19.    PLAINTIFF and the members of the CLASS have no plain, speedy  or

21  adequate remedy at law and will suffer irreparable injury if DEFENDANT is permitted to

22  continue to engage in the unlawful acts and practices herein alleged.  The illegal conduct

23  alleged herein is continuing and to prevent future injury and losses, and to avoid a

24  multiplicity of lawsuits, PLAINTIFF is entitled to an injunction and other equitable relief,

25  on behalf of himself and the CLASS, to prevent and enjoin such practices.  PLAINTIFF

26  therefore requests a preliminary and/or permanent injunction as the DEFENDANT provides

27  no indication that DEFENDANT will not continue such wrongful activity in the future,

28  along with restitution, penalties, interest, compensation and other equitable relief as

**FIRST AMENDED** COMPLAINT

1  provided by law.

2

3                                    **THE CLASS**

4        20.     PLAINTIFF brings this class action on behalf of himself and a Class

5  consisting of all individuals who are or previously were employed by DEFENDANT in a IT

6  maintenance staff position in California that was classified by DEFENDANT as non-exempt

7  and who were scheduled for on-call, standby work (the "CLASS") during the CLASS

8  PERIOD.  PLAINTIFF also brings this class action on behalf of himself and a Class

9  consisting of all individuals who are or previously were employed by DEFENDANT in a IT

10  maintenance staff position in California that was classified by DEFENDANT as non-exempt

11  for whom the DEFENDANT's record show one or more missed meal breaks ("MEAL

12  BREAK CLASS") during the CLASS PERIOD.  To the extent equitable tolling operates to

13  toll claims by the CLASS or the MEAL BREAK CLASS against DEFENDANT, the

14  CLASS PERIOD should be adjusted accordingly.

15        21.     The California Legislature has commanded that "all wages... ...earned by any

16  person in any employment are due and payable twice during each calendar month, on days

17  designated in advance by the employer as the regular paydays",  and further that  "[a]ny

18  work in excess of eight hours in one workday and any work in excess of 40 hours in any one

19  workweek...shall be compensated at the rate of no less than one and one-half times the

20  regular rate of pay for an employee."  (Lab. Code §204 and §510(a).)  The Industrial

21  Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions

22  from the requirement that an overtime rate of compensation be paid... ...for executive,

23  administrative, and professional employees, provided [inter alia] that the employee is

24  primarily engaged in duties that meet the test of the exemption, [and] customarily and

25  regularly exercises discretion and independent judgment in performing those duties..."  (Lab.

26  Code §510(a).)  Neither the PLAINTIFF nor the other members of the CLASS and/or the

27  MEAL BREAK CLASS qualify for exemption from the above requirements.

28        22.     DEFENDANT, as a matter of company policy, practice and procedure, and

in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to pay for all hours worked by PLAINTIFF and the other members of the CLASS, failed to institute a practice to ensure that all missed meal breaks were compensated as required by law, and systematically failed to correctly calculate overtime compensation, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

23.    DEFENDANT has the legal burden to establish that each and every non-exempt employee is paid for all hours worked and to accurately record all hours worked by non-exempt employees.  The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CLASS PERIOD and still fail to have in place a policy or practice to accurately record hours worked, including on-call hours, so as to satisfy their burden.  This common business practice applicable to each and every CLASS member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

24.    At no time before or during PLAINTIFF's employment with DEFENDANT was the compensation for any member of the CLASS properly recalculated so as to compensate the employee for all hours worked, including on-call time, as required by California Labor Code §§ 204 and 510, *et seq.*  At no time before or during PLAINTIFF's employment with DEFENDANT was the overtime compensation for any member of the CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code § 510, *et seq.*  At no time before or during PLAINTIFF's employment with DEFENDANT was compensation paid to any member of the MEAL BREAK CLASS so as to compensate the employee for documented missed meal breaks due to work demands, as required by California Labor Code § 226.7.

25.    The CLASS, numbering more than 100 members, is so numerous that joinder

of all members of the CLASS is impracticable.  The MEAL BREAK CLASS, numbering more than 100 members, is so numerous that joinder of all members of the CLASS is impracticable.

26.    DEFENDANT uniformly violated the rights of the CLASS under California law by:

(a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CLASS for all hours worked, including on-call, stand-by time and failed to accurately record all hours worked by the CLASS, including on-call, stand-by time;

(b)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to correctly calculate overtime compensation due to employees who received a stipend for the documented overtime hours worked;

(c)    Violating Cal. Lab. Code §510, et seq. by failing to pay the correct overtime pay owed to PLAINTIFF and the members of the CLASS for overtime hours worked;

(d)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CLASS with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(e)    Violating Cal. Lab. Code §§ 210, 202 and 203 by failing to provide timely payment of all wages owed to the members of the CLASS who failed to receive the correct overtime wages for hours worked and who have terminated their employment.

27.    DEFENDANT uniformly violated the rights of the MEAL BREAK CLASS under California law by:

(a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

1  Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company

2  policies, practices and procedures that failed to pay compensation to the members of the

3  MEAL BREAK CLASS for documented missed meal breaks due to work demands;

4       (b)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

5  PLAINTIFF and the members of the MEAL BREAK CLASS who have documented missed

6  meal breaks; and,

7       (c)    Violating Cal. Lab. Code §§ 210, 202 and 203 by failing to provide

8  timely payment of all wages owed to the members of the CLASS who failed to receive

9  missed meal break compensation and who have terminated their employment.

10      28.    This Class Action meets the statutory prerequisites for the maintenance of a

11  Class  Action as set forth in Federal Rules of Civil Procedure, Rule 23, in that:

12       (a)    The persons who comprise the CLASS and the persons who

13  comprise the MEAL BREAK CLASS both exceed 100 persons and are therefore so

14  numerous that the joinder of all such persons is impracticable and the disposition of their

15  claims as a class will benefit the parties and the Court;

16       (b)    Nearly all factual, legal, statutory, declaratory and injunctive

17  relief issues that are raised in this Complaint are common to the CLASS will apply

18  uniformly to every member of the CLASS;

19       (c)    Nearly all factual, legal, statutory, declaratory and injunctive

20  relief issues that are raised in this Complaint are common to the MEAL BREAK CLASS

21  will apply uniformly to every member of the MEAL BREAK CLASS;

22       (d)    The claims of the representative PLAINTIFF are typical of the

23  claims of each member of the CLASS.  PLAINTIFF, like all other members of the CLASS,

24  was and still is a non-exempt employee who was subjected to the DEFENDANT's practice

25  and policy which failed to pay all wages due the CLASS for all hours worked, including on-

26  call time, failed to accurately record all hours worked, including on-call time, by the CLASS

27  and exclude stipend compensation from the regular rate calculation and thereby

28  systematically underpaid overtime compensation to the CLASS.  PLAINTIFF sustained

**FIRST AMENDED** COMPLAINT

1    economic injury as a result of DEFENDANT's employment practices alleged herein.

2    PLAINTIFF and the members of the CLASS were and are similarly or identically harmed by

3    the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by

4    DEFENDANT.

5                 (e)       The claims of the representative PLAINTIFF are typical of the

6    claims of each member of the MEAL BREAK CLASS.  PLAINTIFF, like all other members

7    of the MEAL BREAK CLASS, was and still is a non-exempt employee who was subjected

8    to the DEFENDANT's practice and policy which failed to pay compensation due to these

9    employees for documented missed meal breaks.  PLAINTIFF sustained economic injury as a

10    result of DEFENDANT's employment practices.  PLAINTIFF and the members of the

11    CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair

12    and pervasive pattern of misconduct engaged in by DEFENDANT.

13                 (f)       The representative PLAINTIFF will fairly and adequately

14    represent and protect the interest of the CLASS and the interests of the MEAL BREAK

15    CLASS, and has retained counsel who are competent and experienced in class action

16    litigation.  There are no material conflicts between the claims of the representative

17    PLAINTIFF and the members of the CLASS and MEAL BREAK CLASS that would make

18    class certification inappropriate.  Counsel for the CLASS will vigorously assert the claims of

19    all members of the CLASS.

20        29.      In addition to meeting the statutory prerequisites to a Class Action, this action

21    is properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule

22    23, in that:

23                 (a)       Without class certification and determination of declaratory,

24    injunctive, statutory and other legal questions within the class format, prosecution of

25    separate actions by individual members of the CLASS and MEAL BREAK CLASS will

26    create the risk of:

27                 1)       Inconsistent or varying adjudications with respect to

28    individual members of the CLASS and MEAL BREAK CLASS which would establish

**FIRST AMENDED** COMPLAINT

1  incompatible standards of conduct for the parties opposing the CLASS and MEAL BERAK

2  CLASS; and/or,

3             2)      Adjudication with respect to individual members of the

4  CLASS and members of the MEAL BREAK CLASS which would as a practical matter be

5  dispositive of interests of the other members not party to the adjudication or substantially

6  impair or impede their ability to protect their interests.

7             (b)      The parties opposing the CLASS and the MEAL BREAK CLASS have

8  acted or refused to act on grounds generally applicable to the CLASS, making appropriate

9  class-wide relief with respect to the CLASS and the MEAL BREAK CLASS as a whole in

10  that the DEFENDANT uniformly failed to pay all wages due, including the correct

11  overtime, for all hours worked by the members of the CLASS;

12             1)      With respect to the First Cause of Action, the final relief

13  on behalf of the CLASS and the MEAL BREAK CLASS sought does not relate exclusively

14  to restitution because through this claim PLAINTIFF seek declaratory relief holding that the

15  DEFENDANT's policy and practices constitute unfair competition, along with injunctive

16  relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct

17  declared to constitute unfair competition;

18             (c)      Common questions of law and fact exist as to the members of

19  the CLASS and as the members of the MEAL BREAK CLASS, with respect to the practices

20  and violations of California law as listed above, and predominate over any question affecting

21  only individual members, and a class action is superior to other available methods for the

22  fair and efficient adjudication of the controversy, including consideration of:

23             1)      The interests of the members of the CLASS and the

24  members of the MEAL BREAK CLASS in individually controlling the prosecution or

25  defense of separate actions in that the substantial expense of individual actions will be

26  avoided to recover the relatively small amount of economic losses sustained by the

27  individual employees when compared to the substantial expense and burden of individual

28  prosecution of this litigation;

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of: (a) Inconsistent or varying adjudications with respect to individual members of the CLASS and the members of the MEAL BREAK CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or, (b) Adjudications with respect to individual members of the CLASS and the members of the MEAL BREAK CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)      In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the class action is the only means to assert their claims through a representative; and,

4)      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc., rule 23.

30.     This Court should permit this action to be maintained as a Class Action pursuant to Federal Rules of Civil Procedure, rule 23, because:

(a)      The questions of law and fact common to the CLASS and to the MEAL BREAK CLASS predominate over any question affecting only individual members because the DEFENDANT's employment practices were uniformly and systematically applied with respect to the entire CLASS and to the entire MEAL BREAK CLASS;

(b)      A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS and the MEAL BREAK CLASS because in the context of employment litigation a substantial number of individual employees will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

**FIRST AMENDED** COMPLAINT

(c)     The members of the CLASS exceed 100 people and are therefore so numerous that it is impractical to bring all members of the CLASS before the Court. Further, he members of the MEAL BREAK CLASS exceed 100 people and are therefore so numerous that it is impractical to bring all members of the MEAL BREAK CLASS before the Court;

(d)     PLAINTIFF, and the other members of the CLASS and MEAL BREAK CLASS, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CLASS and the MEAL BREAK CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS and the MEAL BREAK CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CLASS and the MEAL BREAK CLASS, thereby making final class-wide relief appropriate with respect to these Classes as a whole;

(h)     The members of the CLASS and the members of the MEAL BREAK CLASS are readily ascertainable from the business records of DEFENDANT and business records of the DEFENDANT will identify and establish membership in the CLASS and the MEAL BREAK CLASS; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CLASS and as to all members of the MEAL BREAK CLASS.

31.     DEFENDANT maintain records from which the Court can ascertain and identify by job title each of DEFENDANT's non-exempt employees who as have been

1   systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,

2   practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the

3   complaint to include any additional job titles of similarly situated employees when they have

4   been identified.

5        32.    DEFENDANT, as a matter of corporate policy, practice and procedure, failed

6   to pay the members of the CLASS the wages due for all hours worked, including on-call

7   time, failed to correctly pay overtime compensation to the CLASS due to a systematic

8   miscalculation, and failed to institute a system to compensate members of the MEAL

9   BREAK CLASS for missed meal breaks that were documented by DEFENDANT.  All

10  employees in the CLASS and in the MEAL BREAK CLASS, including the PLAINTIFF,

11  performed the same primary functions and were paid by DEFENDANT according to

12  uniform and systematic company procedures, which, as alleged herein above.  This business

13  practice was uniformly applied to each and every member of the CLASS and each and every

14  member of the MEAL BREAK CLASS, and therefore, the propriety of this conduct can be

15  adjudicated on a class-wide basis.  DEFENDANT intentionally, knowingly, and wilfully,

16  engaged in the above described practices.

17

18  **JURISDICTION AND VENUE**

19       33.    This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331,

20  federal question jurisdiction, 29 U.S.C. § 216, the Fair Labor Standards Act, and 28 U.S.C. §

21  1367, supplemental jurisdiction of state law claims.  Independently, this Court also has

22  original jurisdiction over PLAINTIFF's state law class claims pursuant to the Class Action

23  Fairness Act of 2005, 28 U.S.C. § 1332 in that the PLAINTIFF is a resident of California,

24  most of the CLASS is comprised of residents of California, DEFENDANT is a citizen of a

25  state other than California, there are more than 100 individuals in the CALIFORNIA

26  CLASS, and the amount in controversy in this complaint exceeds the sum or value of

27  $5,000,000.  The action is brought pursuant to Federal Rules of Civil Procedure, rule 23.

28  PLAINTIFF brings this action on her own behalf, and on behalf of all persons within the

1    CLASS as herein defined.

2        34.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

3    DEFENDANT (i) is subject to personal jurisdiction in this District, and/or (ii) committed the

4    wrongful conduct against certain members of the CLASS in San Diego County, California.

5    At all relevant times, DEFENDANT maintained offices and facilities in San Diego County,

6    California and committed the wrongful conduct against members of the CLASS in San

7    Diego County, California.

8

9                          **FIRST CAUSE OF ACTION**

10                         **For Unlawful Business Practices**

11                    **[Cal. Bus. And Prof. Code § 17200 et seq.]**

12              **(By PLAINTIFF and the CLASS and against All Defendants)**

13       35.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate

14    by this reference, as though fully set forth herein, paragraphs 1 through 34 of this Complaint.

15       36.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof.

16    Code § 17021.

17       37.    Cal. Bus. & Prof. Code § 17200 defines unfair competition as any unlawful,

18    unfair, or fraudulent business act or practice.  Section 17200 applies to violations of labor

19    laws and in the employment context.  Section 17203 authorizes injunctive, declaratory,

20    and/or other equitable relief with respect to unfair competition as follows:

21           Any person who engages, has engaged, or proposes to engage in unfair
             competition may be enjoined in any court of competent jurisdiction. The court
22           may make such orders or judgments, including the appointment of a receiver,
             as may be necessary to prevent the use or employment by any person of any
23           practice which constitutes unfair competition, as defined in this chapter, or as
             may be necessary to restore to any person in interest any money or property,
24           real or personal, which may have been acquired by means of such unfair
             competition.
25
     California Business & Professions Code § 17203.
26
         38.    At all times relevant hereto, by and through the conduct described herein,
27
     DEFENDANT have engaged in unfair and unlawful' practices by failing to pay
28

---

1   PLAINTIFFS, and the other members of the CLASS, wages due for on-call work, failed

2   accurately to record all hours worked, and failed to provide the required amount of overtime

3   compensation due to a systematic miscalculation of the regular rate that cannot be justified,

4   pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements

5   in violation of Cal. Bus. and Prof. Code § 17200 et seq., and have thereby deprived

6   PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges and

7   caused them economic injury as herein alleged.  DEFENDANT engaged in unfair

8   competition by withholding compensation for hours worked.  DEFENDANT further

9   engaged in unfair and unlawful business practices by failing to keep accurate information

10  and failing to accurately calculate the overtime compensation due DEFENDANT's

11  employees, in violation of California law.  As herein alleged, DEFENDANT's conduct was

12  unlawful in that, with respect to all California employees, DEFENDANT uniformly violated

13  California law and regulations, including but not limited to Labor Code §201, §202, § 206.5,

14  §216, §204, §218, §226, §226.7, §510, §512, §1102.5, §1174, §1175, §1198, and 8 C.C.R. §

15  11040(7).  DEFENDANT's conduct also violated federal law.

16        39.      By and through the unfair and unlawful business practices described herein,

17  DEFENDANT obtained valuable property, money, and services from the PLAINTIFF, and

18  the other members of the CLASS, and deprived them of valuable rights and benefits

19  guaranteed by law and contract, all to their detriment and to the benefit of DEFENDANT so

20  as to allow DEFENDANT to unfairly compete against competitors who comply with the

21  law.

22        40.      All the acts described herein as violations of, among other things, the Cal.

23  Labor Code and Industrial Welfare Commission Wage Order, are unlawful and in violation

24  of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and

25  Thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof.

26  Code § 17200 et seq.  The conduct of the DEFENDANT was also deceptive in that

27  DEFENDANT represented to PLAINTIFF and the members of the CLASS that they were

28  not entitled to receive wages for on-call hours and were correctly paid overtime

1   compensation for documented overtime hours worked.

2       41.    PLAINTIFF, and the other members of the CLASS, are entitled to, and do,

3   seek such relief as may be necessary to restore to them the money and property which

4   DEFENDANT have acquired, or of which PLAINTIFF, and other members of the CLASS,

5   have been deprived, by means of the above described unfair and unlawful business practices.

6       42.    PLAINTIFF, and the other members of the CLASS, are further entitled to, and

7   do, seek a declaration that the above described business practices are unfair and unlawful

8   and seek injunctive relief to enjoin DEFENDANT from engaging in any of these unfair and

9   unlawful business practices in the future.

10       43.    PLAINTIFF, and the other members of the CLASS, have no plan, speedy,

11   and/or adequate remedy at law that will end the unfair and unlawful business practices of

12   DEFENDANT.  As a result of the unfair and unlawful business practices described above,

13   PLAINTIFF, and the other members of the CLASS, have suffered and will continue to

14   suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in

15   these unfair and unlawful business practices.  In addition, DEFENDANT should be required

16   to disgorge the unpaid wages to PLAINTIFF, and the other members of the CLASS.

17

18   **SECOND CAUSE OF ACTION**

19   **For Failure To Pay Earned Wages and Overtime Compensation**

20   **[Cal. Lab. Code §§ 204, 210, 510, 1194 and 1198]**

21   **(By PLAINTIFF and the CLASS and Against all Defendants)**

22       44.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate

23   by this reference, as though fully set forth herein, paragraphs 1 through 43 of this Complaint.

24       45.    Cal. Lab. Code § 204 requires employers to pay employees for all hours

25   worked as follows: "all wages... ...earned by any person in any employment are due and

26   payable twice during each calendar month, on days designated in advance by the employer

27   as the regular paydays."  Cal. Lab. Code § 510 further provides that employees in California

28   shall not be employed more than eight (8) hours in any workday or forty (40) hours in a

1  workweek unless they receive additional compensation beyond their regular wages in

2  amounts specified by law.

3       46.     Cal. Lab. Code §§1194 establishes an employee's right to recover unpaid

4  wages, including overtime compensation and interest thereon, together with the costs of suit.

5  Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than

6  those fixed by the Industrial Welfare Commission is unlawful.

7       47.     As set forth herein, DEFENDANTS' policy and practice was to intentionally

8  and uniformly deny payment of wages due for on-call time which were hours worked and

9  failed to correctly calculate overtime compensation paid to the CLASS.  This was done in an

10  illegal attempt to avoid payment of earned wages, overtime compensation and other benefits

11  in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

12       48.     The PLAINTIFF and the members of the CLASS are not exempt from

13  receiving overtime compensation and other benefits under the Labor Code.  The Industrial

14  Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the

15  requirements which must be complied with to classify an employee as exempt from

16  applicable labor laws.  DEFENDANT has classified all employees in the CLASS as non-

17  exempt.  For an employee to be exempt from these rules as a bona fide "executive," all the

18  following criteria must be met and DEFENDANT has the burden of proving that:

19       (a)     The employee's primary duty must be management of the enterprise, or

20  of a customarily recognized department or subdivision; and,

21       (b)     The employee must customarily and regularly direct the work of at least

22  two (2) or more other employees; and,

23       (c)     The employee must have the authority to hire and fire, or to command

24  particularly serious attention to his or his recommendations on such actions affecting other

25  employees; and,

26       (d)     The employee must customarily and regularly exercise discretion and

27  independent judgment; and,

28       (e)     The employee must be primarily engaged in duties which meet the test

1  of exemption.

2  No member of the CLASS was or is an executive because they all fail to meet the

3  requirements of being an exempt "executive" within the meaning of Order No. 4.

4       49.    The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code

5  §515, set forth the requirements which must be complied with to classify an employee as

6  exempt from applicable labor laws.  For an employee to be exempt from these rules as a

7  bona fide "administrator," all the following criteria must be met and DEFENDANT has the

8  burden of proving that:

9            (a)    The employee must perform office or non-manual work directly related

10 to management policies or general business operation of the employer; and,

11           (b)    The employee must customarily and regularly exercise discretion and

12 independent judgment; and,

13           (c)    The employee must regularly and directly assist a proprietor or an

14 exempt administrator; or,

15           (d)    The employee must perform, under only general supervision, work

16 requiring special training, experience, or knowledge, or,

17           (e)    The employee must execute special assignments and tasks under only

18 general supervision; and,

19           (f)    The employee must be primarily engaged in duties which meet the test

20 of exemption.

21 No member of the CLASS was or is an administrator because they all fail to meet the

22 requirements for being  an exempt "administrator" under Order No. 4.

23      50.    The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code

24 §515, set forth the requirements which must be complied with to classify an employee as

25 exempt from applicable labor laws.  For an employee to be exempt from these rules as a

26 bona fide "professional," all the following criteria must be met and DEFENDANT has the

27 burden of proving that:

28           (a)    The employee is primarily engaged in an occupation commonly

recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)      Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)      Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)      Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)      The employee must customarily and regularly exercise discretion and independent judgment; and.

(c)      The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CLASS was or is a professional because they all fail to meet the requirements of being an exempt "professional" within the meaning of Order No. 4.

51.      PLAINTIFF, and other members of the CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a) These employees do not primarily perform managerial or administrative (exempt) duties;

(b) Their work hours are primarily spent performing non-exempt duties, including but not limited to performing routine banking transactions as requested by customers;

1    (c) They do not have the discretion or independent judgment, in that they must

2    follow exacting and comprehensive company-wide policies and procedures which dictate

3    every aspect of their work day; and/or,

4    (d) They do not have the authority to hire and/or fire other personnel;

5    52.    During the class period, the PLAINTIFF, and other members of the CLASS,

6    worked more hours than they were paid for because of the time spent on-call under the

7    control of the DEFENDANT, constituting a failure to pay all earned wages.

8    53.    During the Class Period, the PLAINTIFF, and other members of the CLASS,

9    worked more that eight hours in a workday, and/or more than forty hours in a work week,

10   but the overtime compensation paid by DEFENDANT for these overtime hours was

11   incorrectly calculated, resulting in a systematic underpayment.

12   54.    At all times relevant times, DEFENDANT failed to pay PLAINTIFF, and

13   other members of the CLASS, wages for the hours they have worked on-call as required by

14   Cal. Lab. Code §204, and the correct overtime compensation for the hours they have worked

15   in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510

16   and 1198.

17   55.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

18   to the PLAINTIFF, and the other members of the CLASS, for the hours actually worked and

19   failure to pay the correct amount of overtime compensation, the PLAINTIFF, and the other

20   members of the CLASS, have suffered, and will continue to suffer, an economic injury in

21   amounts which are presently unknown to them and which will be ascertained according to

22   proof at trial.

23   56.    PLAINTIFF, and the other members of the CLASS, request recovery of wages

24   due and the correction of overtime compensation paid according to proof, interest, and costs,

25   as well as the assessment of any and all available statutory penalties against DEFENDANT,

26   in a sum as provided by the Cal. Lab. Code and/or other statutes.

27   57.    In performing the acts and practices herein alleged in violation of labor laws

28   and refusing to provide the requisite overtime compensation, the DEFENDANT acted and

**FIRST AMENDED** COMPLAINT

1  continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

2  toward the other members of the CLASS, with a conscious and utter disregard of their legal

3  rights, or the consequences to them, and with the despicable intent of depriving them of their

4  property and legal rights and otherwise causing them injury in order to increase corporate

5  profits at the expense of PLAINTIFF and the members of the Class.

6      58.    Many of the CLASS members have terminated their employment and

7  DEFENDANT did not timely tender payment of all wages owed as required by Cal. Labor

8  Code §§ 201 and 202.  Therefore, as provided by Cal Lab. Code § 203, on behalf of the

9  members of the CLASS who have terminated their employment, PLAINTIFF demands thirty

10  days of pay as penalty for not paying all wages due at time of termination for all employees

11  who terminated employment during the CLASS PERIOD and demands an accounting and

12  payment of all wages due, plus interest.

13

14                    **THIRD CAUSE OF ACTION**

15          **For Failure to Provide Accurate Itemized Statements**

16                      **[Cal. Lab. Code § 226]**

17          **(By PLAINTIFF and the CLASS and against DEFENDANT)**

18      59.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate

19  by this reference, as though fully set forth herein, paragraphs 1 through 58 of this Complaint.

20      60.    Cal. Labor Code § 226 provides that an employer must furnish employees with

21  "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

22  worked by the employee, (3) the number of piece rate units earned and any applicable piece

23  rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all

24  deductions made on written orders of the employee may be aggregated and shown as one

25  item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is

26  paid, (7) the name of the employee and his or her social security number, except that by

27  January 1, 2008, only the last four digits of his or her social security number or an employee

28  identification number other than a social security number may be shown on the itemized

1   statement, (8) the name and address of the legal entity that is the employer, and (9) all

2   applicable hourly rates in effect during the pay period and the corresponding number of

3   hours worked at each hourly rate by the employee."

4          61.    At all times relevant herein, DEFENDANT violated Labor Code § 226 with

5   respect to PLAINTIFF and the other members of the CLASS, in that DEFENDANT failed

6   to properly and accurately itemize the gross wages earned, the net wages earned, and all

7   applicable hourly rates in effect during the pay period and the corresponding number of

8   hours worked at each hourly rate for these employees.  This failure by DEFENDANT was

9   the intentional result of DEFENDANT's intentional refusal to compensate for on-call hours

10   worked and the miscalculation of overtime compensation.

11          62.    DEFENDANTS knowingly and intentionally failed to comply with Labor

12   Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS.  These

13   damages include, but are not limited to, unpaid wages for hours actually worked, the costs

14   expended calculating the true hours worked and the amount of employment taxes which

15   were not properly paid to state and federal tax authorities.  These damages may be difficult

16   to estimate.  Therefore, PLAINTIFF, and the other members of the CLASS may recover

17   liquidated damages of $50.00 for the initial pay period in which the violation occurred, and

18   $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an

19   amount according to proof at the time of trial (but in no event more than $4,000.00 for

20   PLAINTIFF and each respective member of the CLASS herein), plus costs, pursuant to

21   Labor Code § 226(g).

22

23                         **FOURTH CAUSE OF ACTION**

24                    **For Failure To Provide Meal Periods**

25                    **[Cal. Lab. Code §§ 226.7 and 512]**

26   **(By PLAINTIFF and the MEAL BREAK CLASS and Against All Defendants)**

27          63.    PLAINTIFF, and the other members of the MEAL BREAK CLASS, reallege

28   and incorporate by reference, as though fully set forth herein, paragraphs 1 through 62 of

**FIRST AMENDED** COMPLAINT

1   this Complaint.

2       64.     Cal. Lab. Code § 512 provides, in relevant part: "An employer may not

3   employ an employee for a work period of more than five hours per day without providing

4   the employee with a meal period of not less than 30 minutes, except that if the total work

5   period per day of the employee is no more than six hours, the meal period may be waived by

6   mutual consent of both the employer and employee. An employer may not employ an

7   employee for a work period of more than 10 hours per day without providing the employee

8   with a second meal period of not less than 30 minutes, except that if the total hours worked

9   is no more than 12 hours, the second meal period may be waived by mutual consent of the

10  employer and the employee only if the first meal period was not waived."

11      65.     Section 11 of the Order 1-2001 of the Industrial Wage Commission (the

12  "Wage Order") provides, in relevant part:

13      Meal Periods:

14          (A)    No employer shall employ any person for a work period of more than

15                 five (5) hours without a meal period of not less than 30 minutes, except

16                 that when a work period of not more than six (6) hours will complete

17                 the day's work the meal period may be waived by mutual consent of the

18                 employer and the employee.

19          (B)    An employer may not employ an employee for a work period of more

20                 than ten (10) hours per day without providing the employee with a

21                 second meal period of not less than thirty (30) minutes, except that if

22                 the total hours worked is no more than twelve (12) hours, the second

23                 meal period may be waived by mutual consent of the employer and the

24                 employee only if the first meal period was not waived.

25          (C)    Unless the employee is relieved of all duty during a 30 minute meal

26                 period, the meal period shall be considered an "on duty" meal period

27                 and counted as time worked. An "on duty" meal period shall be

28                 permitted only when the nature of the work prevents an employee from

1  being relieved of all duty and when by written agreement between the

2  parties an on-the-job paid meal period is agreed to. The written

3  agreement shall state that the employee may, in writing, revoke the

4  agreement at any time.

5  (D)  If an employer fails to provide an employee a meal period in

6  accordance with the applicable provisions of this order, the employer

7  shall pay the employee one (1) hour of pay at the employee's regular

8  rate of compensation for each workday that the meal period is not

9  provided.

10  66.   Section 12 of Order 1-2001 of the Industrial Wage Commission (the "Wage

11  Order") provides, in relevant part:

12  Rest Periods:

13  (A)  Every employer shall authorize and permit all employees to take rest

14  periods, which insofar as practicable shall be in the middle of each

15  work period. The authorized rest period time shall be based on the total

16  hours worked daily at the rate of ten (10) minutes net rest time per four

17  (4) hours or major fraction thereof. However, a rest period need not be

18  authorized for employees whose total daily work time is less than three

19  and one-half (3 1/2) hours. Authorized rest period time shall be counted

20  as hours worked for which there shall be no deduction from wages.

21  (B)  If an employer fails to provide an employee a rest period in accordance

22  with the applicable provisions of this Order, the employer shall pay the

23  employee one (1) hour of pay at the employee's regular rate of

24  compensation for each work day that the rest period is not provided.

25  67.   Cal. Lab. Code § 226.7 provides:

26  (a) No employer shall require any employee to work during any meal or rest

27  period mandated by an applicable order of the Industrial Welfare Commission.

28  (b) If an employer fails to provide an employee a meal period or rest period in

31

1    accordance with an applicable order of the Industrial Welfare Commission, the

2    employer shall pay the employee one additional hour of pay at the employee's

3    regular rate of compensation for each work day that the meal or rest period is

4    not provided.

5    68.    Although DEFENDANT provides some meal periods, DEFENDANT has

6    intentionally and improperly failed to provide all meal periods without any work or duties to

7    PLAINTIFF and the other members of the  CLASS as required by law, and by failing to do

8    so DEFENDANT violated the provisions of Labor Code 226.7.  These missed meal periods

9    are documented by DEFENDANT, yet DEFENDANT failed to pay the legally required

10    compensation to the members of the MEAL BREAK CLASS, and refuses to institute a

11    policy and procedure to automatically compensate these employees for missed meal periods

12    resulting from the demands of work ordered by DEFENDANT.

13    69.    Therefore, PLAINTIFF demands on behalf of herself and the members

14    of the MEAL BREAK CLASS, one (1) hour of premium pay for each workday in which a

15    meal period was not provided for each five (5) hours of work.

16

17    **FIFTH CAUSE OF ACTION**

18    **For Violation of the Fair Labor Standards Act**

19    **[29 U.S.C. § 201 et seq.]**

20    **By PLAINTIFF and the CLASS and Against All Defendants)**

21    70.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate

22    by this reference, as though fully set forth herein, paragraphs 1 through 69 of this Complaint.

23    71.    The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an employee

24    must be compensated for all hours worked, including all straight time compensation and

25    overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has

26    concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29

27    U.S.C. § 216.

28    72.    PLAINTIFF also brings this lawsuit as a collective action under the Fair

Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANT in a IT maintenance staff position , or in other substantially similar positions during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked (the "COLLECTIVE CLASS") due to the miscalculation of overtime compensation and the exclusion of on-call hours worked.  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANT, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.

73.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.     Whether DEFENDANT's policies and practices failed to accurately record all on-call hours worked by PLAINTIFF and the other members of the COLLECTIVE CLASS;

b.     Whether DEFENDANT failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked as required by the FLSA, including the time worked through their meal periods;

c.     Whether DEFENDANTS should be enjoined from continuing the practices which violate the FLSA; and,

d.     Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

74.     The Fifth Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

75.     PLAINTIFF and the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to

DEFENDANT's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

76.     DEFENDANT is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

77.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.  The conduct by the DEFENDANT which violated the FLSA was willful.

78.     PLAINTIFF and the members of the COLLECTIVE CLASS regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, including on-call hours, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek, which wages were not paid because of DEFENDANT's systematic miscalculation of the reglar rate.

79.     PLAINTIFF and the COLLECTIVE CLASS were all paid by DEFENDANT on an hourly or salary basis for the hours worked up to forty (40) in a workweek, but PLAINTIFF and the COLLECTIVE CLASS worked more than forty (40) hours per workweek, and were not paid the correct compensation for the documented overtime hours worked because DEFENDANT excluded certain earnings from the regular rate calculation. PLAINTIFF and the COLELCTIVE CLASS were not "exempt" from the requirements of the Fair Labor Standards Act, and DEFENDANT classifies these employees as not exempt. DEFENDANT also failed to pay PLAINTIFF, and other members of the COLLECTIVE CLASS, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal periods.

80.     For purposes of the Fair Labor Standards Act, the employment practices of

1   DEFENDANT were and are uniform throughout California and the United States in all

2   respects material to the claims asserted in this Complaint.

3          81.    DEFENDANT violated the Fair Labor Standards Act by failing to pay hourly

4   employees for all hours worked, including overtime hours, as alleged herein above.

5          82.    As a result of DEFENDANT's failure to pay overtime compensation for hours

6   worked at the correct regular rate, as required by the FLSA, PLAINTIFF and the members

7   of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

8          83.    PLAINTIFF, therefore, demands that they and the members of the

9   COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every

10   hour of overtime worked in any work week for which they were not correctly compensated,

11   plus liquidated damages, interest and statutory costs as provided by law.

12

13                        **SIXTH CAUSE OF ACTION**

14                   **Labor Code Private Attorneys General Act**

15                        **[Cal. Labor Code § 2698]**

16                   **(By PLAINTIFF and Against all DEFENDANTS)**

17          84.    PLAINTIFF, and the other aggrieved employees, reallege and incorporate by

18   this reference, as though fully set forth herein, paragraphs 1 through 83 of this Complaint.

19   PLAINTIFF brings this claim for civil penalties as a representative action on behalf of

20   himself and all individuals who are or previously were employed by DEFENDANT in a IT

21   maintenance staff position in California that was classified by DEFENDANT as non-exempt

22   and who were scheduled for on-call, standby work during the period August 10, 2008 to the

23   present (the "Aggrieved Employees").

24          85.    Plaintiff Fletcher gave written notice by certified mail to the Labor and

25   Workforce Development Agency (the "Agency") and the employer of the specific provisions

26   of this code alleged to have been violated as required by Labor Code § 2699.3.  The

27   statutory waiting period to add this claim following notice to the Agency has now expired.

28   As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a civil action

1   pursuant to Section 2699 on behalf of all Aggrieved Employees of DEFENDANT.

2          86.     The policies, acts and practices heretofore described were and are an unlawful

3   business act or practice because Defendant's failure to pay overtime, failure to provide rest

4   and meal period breaks, failure to pay compensation for work without rest and meal period

5   breaks and failure to provide accurate wage statements and maintain accurate time records

6   for PLAINTIFF and the other Aggrieved Employees violates applicable Labor Code

7   sections and gives rise to statutory penalties as a result of such conduct, including but not

8   limited to penalties as provided by Labor Code §§ 221, 226, 226.7, 558, 1174 and 1194,

9   applicable Industrial Welfare Commission Wage Orders. PLAINTIFF, as an Aggrieved

10  Employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private

11  Attorney General Act of 2004 on behalf of himself  and other Aggrieved Employees, against

12  whom one or more of the violations of the Labor Code was committed during the applicable

13  period August 10, 2008 to the present.

14

15                                          **PRAYER**

16          WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and

17  severally, as follows:

18  1.     On behalf of the CLASS:

19         A)     That the Court certify action asserted by the CLASS as a class action pursuant

20                to Federal Rules of Civil Procedure, rule 23;

21         B)     An order temporarily, preliminarily and permanently enjoining and restraining

22                DEFENDANT from engaging in similar unlawful conduct as set forth herein;

23         C)     An order requiring DEFENDANT to pay all wages and all sums unlawfully

24                withheld from compensation due to PLAINTIFF and the other members of the

25                CLASS; and,

26         D)     Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for

27                restitution of the sums incidental to DEFENDANT's violations due to

28                PLAINTIFF and to the other members of the CLASS.

**FIRST AMENDED** COMPLAINT

E)    Compensatory damages, according to proof at trial, including compensatory damages for both regular and overtime compensation due PLAINTIFF and the other members of the CLASS according to proof, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

F)    The wages of all terminated employees due to members of the CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced in accordance with Cal. Lab. Code § 203;

G)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violations of Cal. Lab. Code § 226.

2.    On behalf of the MEAL BREAK CLASS

A)    One hour of premium pay for each workday in which a meal period was not provided to PLAINTIFF and each member of the MEAL BREAK CLASS for each five (5) hours of work;

3.    On behalf of the COLLECTIVE CLASS:

A)    That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B)    That the Court declare the rights and duties of the parties consistent with the relief sought by PLAINTIFF;

C)    Issue a declaratory judgment that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

D)    That DEFENDANT be enjoined from further violations of the Fair Labor Standards Act;

E)    That the PLAINTIFF and the members of the COLLECTIVE CLASS recover compensatory, damages and an equal amount of liquidated damages as

**FIRST AMENDED** COMPLAINT

1    provided under the law and in 29 U.S.C. § 216(b).

2  4.    On all claims:

3        A)    An award of interest, including prejudgment interest at the legal rate.

4        B)    An award of liquidated damages, statutory damages, cost of suit, but neither

5              this prayer nor any other allegation or prayer in this Complaint is to be

6              construed as a request, under any circumstance, that would result in a request

7              for attorneys' fees under Cal. Lab. Code § 218.5;

8        C)    Such other and further relief as the Court deems just and equitable.

9
   Dated:   October 7, 2009                    BLUMENTHAL, NORDREHAUG &
10                                             BHOWMIK

11
                                              By:___*/s/ Norman B. Blumenthal*___
12                                                 Norman B. Blumenthal
                                                  Attorneys for Plaintiff
13
                                              UNITED EMPLOYEES LAW GROUP
14                                            Walter Haines, Esq.
                                              65 Pine Ave, #312
15                                            Long Beach, CA 90802
                                              Telephone: (562) 256-1047
16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED** COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3

PLAINTIFF demands a jury trial on issues triable to a jury.

4

Dated:   October 7, 2009                    BLUMENTHAL, NORDREHAUG &
                                            BHOWMIK

5

6                                           By:___*/s/ Norman B. Blumenthal*___
                                                  Norman B. Blumenthal
7                                                 Attorneys for Plaintiff

8                                           UNITED EMPLOYEES LAW GROUP
                                            Walter Haines, Esq.
9                                           65 Pine Ave, #312
                                            Long Beach, CA 90802
10                                          Telephone: (562) 256-1047

11

12

K:\D\NBB\Fletcher v. Verizon\p-FAC.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED** COMPLAINT