George S. Howard Jr. (State Bar No. 076825)
gshoward@jonesday.com
Brian L. Johnson (State Bar No. 216604)
bjohnson@jonesday.com
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130
Telephone:     858.314.1200
Facsimile:     858.314.1150
Email:         gshoward@jonesday.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT FLETCHER, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., a corporation doing business as VERIZON; VU VERIZON ENTERPRISE DELIVERY, an unknown entity; VERIZON ENTERPRISE DELIVERY LLC, a limited liability company; and DOES 1 through 10,<br><br>Defendants. | Case No. 09-CV-1736 LAB POR<br><br>**ANSWER OF VERIZON ENTERPRISE DELIVERY LLC TO FIRST AMENDED COMPLAINT** |

1    Verizon Enterprise Delivery, LLC, for itself alone, answers the First Amended Complaint

2    and admits, denies and avers as follows:

3    1.    Answering Paragraph 1 of the FAC, this answering defendant denies the entirety

4    of that paragraph, except that the first and last sentences of the paragraph state legal conclusions

5    which require no answer from this answering defendant.  This answering defendant further denies

6    that Verizon Communications Inc. is subject to *in personam* jurisdiction in this court.  This

7    answering defendant denies that any entity known as "VU Verizon Enterprise Delivery" exists as

8    a separate legal entity.  Further, this answering defendant denies that Verizon Communications

9    Inc. or "VU Verizon Enterprise Delivery" employed plaintiff Fletcher or any other employee who

10   is or was a member of the putative class.

11   2.    Answering Paragraph 2 of the FAC, this answering defendant admits that Verizon

12   Communications Inc. is a corporation with its principal place of business and headquarters in

13   New York.  This answering defendant further denies that Verizon Communications Inc. is subject

14   to *in personam* jurisdiction in this court.  This answering defendant further admits that Verizon

15   Enterprise Delivery LLC is a limited liability company with its headquarters in the State of Texas,

16   which employed plaintiff Fletcher at relevant times.  This answering defendant denies that any

17   entity known as "VU Verizon Enterprise Delivery," exists as a separate legal entity.  This

18   answering defendant further denies that Verizon Communications Inc., Verizon Enterprise

19   Delivery, LLC and any other entity can properly be referred to collectively as "Verizon" for

20   purposes of the allegations in the FAC.  The statement concerning the business in which

21   "Verizon" is engaged, at line 17-24 of page 3 of the FAC is denied in that "Verizon" does not

22   employ the employees whose employment is at issue in this matter; however, this answering

23   defendant admits that it has employed, at relevant times, persons classified or known as

24   "Technical Specialists – Installation and Maintenance," within various counties in California.

25   This answering defendant denies all other allegations of Paragraph 2 of the FAC, not specifically

26   herein admitted.

27   3.    Answering Paragraph 3 of the FAC, this answering defendant denies that the

28   entities sued herein can properly be referred to collectively as "Verizon."  This answering

1  defendant denies that Verizon Communications Inc. is subject to *in personam* jurisdiction in this

2  court and avers that Verizon Communications, Inc. had no involvement in the matters at issue.

3  This answering defendant admits that it is engaged in interstate commerce for purposes of the

4  claim alleged herein under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; although it

5  denies any violation of that statute, whether as alleged or otherwise.

6       4.      Answering Paragraph 4 of the FAC, this answering defendant denies that the

7  entities sued herein can be referred to collectively as "Verizon" for the reasons stated in answer

8  to Paragraph 3 of the FAC.  Further answering Paragraph 4 of the FAC, the history of the merger

9  between Bell Atlantic Corp. and GTE Corp. is a matter of public record which requires no answer

10 from this answering defendant but is also irrelevant to any matter in dispute.  To the extent such

11 allegations require an answer, this answering Defendant denies those allegations.

12      5.      Answering Paragraph 5 of the FAC, this answering defendant avers that the details

13 of the Bell Atlantic/GTE merger are matters of public record which are irrelevant to any issue in

14 dispute in this case, and requires no answer from this defendant.  To the extent such allegations

15 require an answer, this answering Defendant denies those allegations.

16      6.      Answering Paragraph 6 of the FAC, this answering defendant denies that the

17 entities sued herein can properly be referred to collectively as "Verizon" for the reasons stated in

18 the answer to Paragraph 3 of the FAC.  Further answering paragraph 6 of the FAC, this answering

19 defendant avers that the business of the various Verizon entities is irrelevant to any matter in

20 dispute herein.  Many of the business activities of the Verizon entities are matters of public

21 record.  To the extent such allegations require an answer, this answering Defendant denies those

22 allegations.  Further answering said paragraph, this answering defendant denies that Verizon

23 Communications Inc. is subject to *in personam* jurisdiction in this court and further denies that

24 Verizon Communications Inc. employed any of the employees whose employment is alleged to

25 be at issue.

26      7.      Answering Paragraph 7 of the FAC, this answering defendant denies that the

27 entities sued herein can properly be referred to collectively as "Verizon" for the reasons stated in

28 answer to Paragraph 3 of the FAC.  This answering defendant admits that at relevant times it has

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

employed persons in the classification of "Technical Specialists – Installation and Maintenance" whose job duties included being available on an uncontrolled standby basis at various times to respond to calls from customers concerning equipment malfunctions, difficulties or failures. This answering defendant is without sufficient information and belief to answer the allegations of the said paragraph referring to "nonexempt IT maintenance staff" as that term is too vague to permit an answer, and not a term commonly used by this answering defendant to describe its employees. As a result, this answering defendant denies the allegations concerning "nonexempt IT maintenance staff". This answering defendant denies that the description of its alleged "on call policies" in Section 7 of the FAC is accurate. This answering defendant avers that it properly compensates employees who have been on uncontrolled standby status, *inter alia* by paying a stipend and additional amounts as required by state or federal law.

8.     Answering Paragraph 8 of the FAC, this answering defendant is without sufficient information and belief to permit it to answer the first two sentences of said paragraph, due to the vagueness of the allegations contained therein, and therefore denies those allegations. This answering defendant admits that, at relevant times, it employed persons in the classification of Technical Specialist – Installation and Maintenance. This answering defendant admits that some of its employees in the Technical Specialist – Installation and Maintenance classification have been required to perform duties on an uncontrolled standby basis at relevant times, and further avers that such employees were properly compensated as stated in the response to Paragraph 7 of the FAC. This responding defendant further admits that employees in the Technical Specialist – Installation and Maintenance classification have been treated by the responding defendant as nonexempt employees and have been compensated on that basis. This answering defendant further denies that such employees could constitute a class under applicable legal principles, whether as alleged or otherwise. The final sentence of Paragraph 8 of the FAC is a legal conclusion which requires no response from this responding defendant. To the extent such allegations require an answer, this answering Defendant denies those allegations.

9.     Answering Paragraph 9 of the FAC, this answering defendant admits that it employs an individual named Brent (not Brian) S. Fletcher, and that Mr. Fletcher currently holds

the title Technical Specialist – Installation and Maintenance and in that classification is a nonexempt employee. This answering defendant further admits that Mr. Fletcher was first employed by it or its predecessor in interest in or about March 31, 1997. This answering defendant further admits that from time to time Mr. Fletcher has been required to perform work on an uncontrolled standby basis, and at some or all such times has been paid, among other things, a stipend with respect to the periods of time on which he was on uncontrolled standby status. This answering defendant further avers that Mr. Fletcher was paid additional amounts, while in uncontrolled standby status, with respect to periods during which he actually responded to calls or other otherwise performed compensable work. This answering defendant denies that Mr. Fletcher was improperly paid, whether as alleged in said paragraph or otherwise. This answering defendant denies all allegations of the said paragraph not otherwise admitted herein.

10.     Answering Paragraph 10 of the FAC, this answering defendant denies that the purported "work schedule and on call schedule" for "IT maintenance staff" is consistent as between employees in the classification in which plaintiff Fletcher worked; and further denies that Mr. Fletcher's own schedule requires him to be on call "24 hours a day during both the week and weekends, every other week." This answering defendant is without sufficient information and belief to answer the allegations of paragraph 10 of the FAC concerning "other IT maintenance staff employees" as those employees are insufficiently described to permit an answer; on that basis this answering defendant denies such allegations.

11.     Answering Paragraph 11 of the FAC, this answering defendant denies that said paragraph accurately states its practices for paying Technical Specialists – Installation and Maintenance, for periods on which such employees are on uncontrolled standby status. Further answering paragraph 11 of the FAC, this answering defendant admits that at relevant times it paid a stipend to some such employees for periods on which they are on uncontrolled standby status; and denies that the stipend amount is insufficient to compensate those employees for the on call hours worked, as the stipend is not intended to compensate for hours worked. This answering defendant further avers that it pays Technical Specialists – Installation and Maintenance for the hours actually worked on periods during which they are on uncontrolled standby status in

1    addition to the stipend.  Further answering the said paragraph, this answering defendant is without

2    sufficient information and belief to answer the allegations concerning other "IT maintenance staff

3    employees," as such employees are insufficiently identified to permit an answer; on that basis this

4    answering defendant denies such allegations.  This answering defendant denies any liability to

5    plaintiff Fletcher or to any other putative class member, whether as alleged or otherwise.  This

6    answering defendant further denies that it has failed to provide legally-required meal periods to

7    plaintiff or to any other member of the putative class and denies all allegations in Paragraph 11 of

8    the FAC not otherwise herein admitted.

9         12.    Answering Paragraph 12 of the FAC, this answering defendant admits that

10   plaintiff Fletcher was a nonexempt employee while in the Technical Specialist – Installation and

11   Maintenance classification.  Without conceding or admitting that any class action is appropriate,

12   whether as alleged or otherwise, this answering defendant admits that other employees classified

13   and employed as Technical Specialists – Installation and Maintenance were non exempt

14   employees.  Further answering the said paragraph, this answering defendant is without sufficient

15   information and belief to answer the allegations concerning other "IT maintenance staff

16   employees," as such employees are insufficiently identified to permit an answer; on that basis this

17   answering defendant denies such allegations.  This answering defendant denies that it employed

18   any persons as "banking location employees" as alleged in this paragraph, and denies that it is

19   engaged in the business of banking.  Because this paragraph contains erroneous statements

20   concerning alleged "banking location employees," this answering defendant is without sufficient

21   information and belief to enable it to answer the paragraph further and, on that basis, denies the

22   remaining allegations of the paragraph.

23        13.    Answering Paragraph 13 of the FAC, this answering defendant denies that it

24   engaged in any "unlawful, unfair and deceptive employment and wage practices" whether as

25   alleged or otherwise, and further denies the allegations of said paragraph, including a denial of all

26   sums and amounts alleged, to be alleged, or otherwise.

27        14.    Answering Paragraph 14 of the FAC, this answering defendant admits that

28   plaintiff purports to bring this class action on behalf of a putative class.  This answering defendant

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

denies that the action may be maintained as a class action on the basis alleged or otherwise.  This answering defendant further denies that any violation of California meal period or rest period rules can be determined simply by reference to "defendant's record" [*sic*].  This answering defendant further denies that it failed to pay wages it was legally obligated to pay to plaintiff and/or to any putative class member, whether as alleged or otherwise.  This answering defendant is without sufficient information and belief to answer the allegations of the last sentence of Paragraph 14 of the FAC, as the definition of the "class" is not specific enough to permit an answer; and on that basis denies such allegations.

15.     Answering Paragraph 15 of the FAC, this answering defendant denies the allegations of said paragraph, including a denial that any amounts are due to plaintiff and/or to the class, whether as alleged or otherwise; and further denies that the action may be maintained as a class action on the basis alleged or otherwise.

16.     Answering Paragraph 16 of the FAC, this answering defendant admits that plaintiff seeks to recover money on behalf of himself and a putative class, but denies that plaintiff or the putative class is entitled to any recovery, whether as alleged or otherwise.  This answering defendant further denies that the action may be maintained as a class action on the basis alleged or otherwise.

17.     Answering Paragraph 17 of the FAC, this answering defendant admits that plaintiff while employed in the classification of Technical Specialist – Installation and Maintenance, was a nonexempt employee.  Further answering Paragraph 17 of the FAC, this answering defendant, without admitting that the action may be prosecuted or certified as a class action on any basis, admits that other employees in the classification of Technical Specialist – Installation and Maintenances were at relevant times nonexempt employees.  This answering defendant denies the balance of the allegations of said paragraph, including a denial of any sums or amounts alleged, to be alleged, or otherwise.

18.     Answering Paragraph 18 of the FAC, this answering defendant denies the allegations of said paragraph, including a denial of all sums and amounts alleged, to be alleged, or otherwise.

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

19.     Answering Paragraph 19 of the FAC, this answering defendant admits that plaintiff seeks various remedies in the FAC, but denies that plaintiff is entitled to any remedies, whether alleged or otherwise.

20.     Answering Paragraph 20 of the FAC, this answering defendant acknowledges that plaintiff seeks to represent a class as alleged in the FAC, but denies that the action may proceed or be certified as a class action whether as alleged in the FAC or in any other basis.  Further answering the said paragraph, this answering defendant is without sufficient information and belief to answer the allegations concerning other "IT maintenance staff employees," as such employees are insufficiently identified to permit an answer; on that basis this answering defendant denies such allegations.  This answering defendant further denies that any alleged violation of the California meal period rules can be determined on the basis of "defendant's record" [sic] and denies that it committed any violations of the California meal period rules.  This answering defendant further denies that the doctrine of equitable tolling applies in this matter in any form or manner.

21.     Answering Paragraph 21 of the FAC, this answering defendant avers that the relevant statutory and regulatory requirements are matters of law and require no answer from this answering defendant.  To the extent such allegations require an answer, this answering Defendant denies those allegations.  Further answering said paragraph, this answering defendant admits that plaintiff while employed as a Technical Specialist – Installation and Maintenance was a nonexempt employee and, without conceding or admitting that the action may proceed as a class action on the basis alleged or otherwise, admits that other employees in the classification of Technical Specialist – Installation and Maintenance were nonexempt employees.

22.     Answering Paragraph 22 of the FAC, this answering defendant denies the allegations of that paragraph, including a denial of all sums and amounts alleged, to be alleged or otherwise.

23.     Answering Paragraph 23 of the FAC, this answering defendant denies the allegations of said paragraph, including a denial that the action may proceed or be certified as a class action, on the basis alleged or otherwise.

- 8 -

24.     Answering Paragraphs 24, 26 and 27 of the FAC, this answering defendant denies the allegations of said paragraphs, including a denial of all sums and amounts alleged, to be alleged, or otherwise.

25.     Answering Paragraph 25 of the FAC, this answering defendant denies that the action may proceed or be certified as a class action on the basis alleged or otherwise, whether as to alleged claims for unpaid wages, alleged meal period violations or on any other basis or theory.

26.     Answering Paragraphs 28 and 29 of the FAC, this answering defendant denies that the action may proceed or be certified as a class action on the basis alleged or on any other basis; and further denies the allegations of said paragraphs, including all subparagraphs thereof and including a denial of all sums and amounts alleged, to be alleged, or otherwise.

27.     Answering Paragraph 30 of the FAC, this answering defendant denies that the action may proceed or be certified as a class action on the basis alleged or otherwise; and further denies the allegations of said paragraph and all subparagraphs thereof, including a denial of all sums and amounts alleged, to be alleged or otherwise.

28.     Answering Paragraph 31 of the FAC, this answering defendant admits that it maintains various records concerning plaintiff and other employees employed in the classification of Technical Specialist – Installation and Maintenance.  This answering defendant is without sufficient information and belief to answer the allegations of this paragraph concerning "nonexempt employees," as such employees are not adequately defined or identified to permit an answer; on that basis this answering defendant denies such allegations.  This answering defendant denies that the action may be certified or maintained as a class action on the basis alleged or otherwise.

29.     Answering Paragraph 32 of the FAC, this answering defendant denies the allegations of said paragraph, including a denial of all sums and amounts alleged, to be alleged, or otherwise; and further denies that the action may be maintained or certified as a class action on the basis of alleged or on any other basis.

30.     Answering Paragraphs 33 and 34 of the FAC, this answering defendant avers that said paragraphs contain legal conclusions which require no answer.  To the extent such

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

allegations require an answer, this answering Defendant denies those allegations.

## ANSWER TO ALLEGED FIRST CAUSE OF ACTION

### [California Business and Professions Code § 17200 *et seq.*]

31.     Answering Paragraph 35 of the FAC, this answering defendant realleges and incorporates herein its admissions, denials and averments in answer to paragraphs 1-34 of the complaint, as though set forth here in full.

32.     Answering Paragraph 36 of the FAC, this answering defendant avers that the paragraph contains only a legal conclusion that requires no answer.  To the extent such allegations require an answer, this answering Defendant denies those allegations.

33.     Answering Paragraph 37 of the FAC, this answering defendant avers that the Code sections referred to therein speak for themselves and the allegation in said paragraph requires no answer.  To the extent such allegations require an answer, this answering Defendant denies those allegations.

34.     Answering Paragraphs 38, 39, 40, 41, 42 and 43, inclusive, this answering defendant denies the allegations thereof in their entirety; further denies that the action may proceed or be certified as a class action whether as alleged or otherwise; and further denies that plaintiff and/or the class he purports to represent is entitled to any relief in any amount or manner, whether alleged or otherwise.

## ANSWER TO ALLEGED SECOND CAUSE OF ACTION

### [Labor Code §§ 204, 210, 510, 1194 and 1198]

35.     Answering Paragraph 44 of the FAC, this answering defendant repeats its admissions, denials, responses and averments in response to paragraphs 1-43 of the FAC, as though set forth here in full.

36.     Answering Paragraphs 45 and 46 of the FAC, this answering defendant avers that said paragraphs refer to various Labor Code statutes, which are in writing, speak for themselves and require no answer from this answering defendant.  To the extent such allegations require an answer, this answering Defendant denies those allegations.

37.     Answering Paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58, inclusive,

1  this answering defendant denies the allegations of said paragraphs in their entirety; further denies

2  that the action may proceed or be certified as a class action on the basis alleged or otherwise; and

3  further denies that plaintiff and/or the class he purports to represent are entitled to any relief in

4  any amount, or manner, whether as alleged or otherwise.

## ANSWER TO ALLEGED THIRD CAUSE OF ACTION

### [California Labor Code § 226]

7  38.   Answering Paragraph 59 of the FAC, this answering defendant incorporates by

8  this reference its admissions, denials, responses and averments in response to paragraphs 1-58 of

9  the FAC, as though set forth here in full.

10  39.   Answering Paragraph 60 of the FAC, this answering Defendant avers that said

11  paragraph purports to quote or summarize Labor Code § 226, which is in writing, speaks for itself

12  and requires no answer from this answering Defendant.  To the extent an answer to said

13  paragraph is required, this answering Defendant denies the allegations thereof.

14  40.   Answering Paragraphs 61 and 62 of the FAC, this answering defendant denies the

15  allegations of said paragraphs in their entirety; further denies that the action may proceed or be

16  certified as a class action on the basis alleged or otherwise, and further denies that plaintiff and

17  the class he purports to represent are entitled to any relief, in any amount, or manner, whether as

18  alleged or otherwise.

## ANSWER TO ALLEGED FOURTH CAUSE OF ACTION

### [California Labor Code §§ 226.7 and 512]

21  41.   This answering defendant incorporates by this reference its admissions, denials,

22  responses and averments to Paragraphs 1-62 of the FAC, as though set forth here in full.

23  42.   Answering Paragraphs 64, 65, 66 and 67, this answering defendant avers that said

24  paragraphs purport to quote various provisions of the California Labor Code and/or Industrial

25  Welfare Commission Wage Order Number 1-2001.  Those statutory and regulatory provisions are

26  in writing and speak for themselves and require no answer from this answering defendant.  To the

27  extent such allegations require an answer, this answering Defendant denies those allegations.

28  Further, this answering defendant denies that it is subject to Industrial Welfare Commission Wage

- 11 -

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

Order Number 1-2001.

43.     Answering Paragraph 68 of the FAC, this answering defendant avers that it provided meal periods to plaintiff as required by law and provided meal periods to other employees in the putative class as required by law, although it denies that this action may proceed or be certified as a class action on the basis alleged or otherwise.  Further answering said paragraph, this answering defendant denies that alleged meal period violations may be determined simply by reference to documentation maintained by an employer.  This answering defendant denies the balance of the allegations of said paragraph, including a denial of all sums and amounts alleged, to be alleged, or otherwise.

44.     Answering Paragraph 69 of the FAC, this answering defendant denies that plaintiff or the class he purports to represent is entitled to any relief as alleged in that paragraph in the manner or amount alleged or in any other manner or amount alleged or otherwise.

## ANSWER TO ALLEGED FIFTH CAUSE OF ACTION

### [Violation of 29 U.S.C. § 201, et seq.]

45.     This answering defendant incorporates by this reference its admissions, denials, responses and averments to Paragraphs 1-69 of the FAC, as though set forth here in full.

46.     Answering Paragraph 71 of the FAC, this answering defendant avers that the said paragraph purports to summarize provisions of the Fair Labor Standards Act and relevant regulations, which speak for themselves and require no answer from this answering defendant. The last sentence of Paragraph 71 is a legal conclusion which requires no answer from this answering defendant.  To the extent such allegations require an answer, this answering Defendant denies those allegations.

47.     Answering Paragraph 72 of the FAC, this answering defendant admits that plaintiff purports to bring this action as a collective action under the Fair Labor Standards Act on behalf of certain other persons in addition to himself; but denies that plaintiff can maintain this action on that basis and denies that plaintiff is entitled to the relief alleged for himself or others or to any relief.  This answering defendant is without sufficient information and belief to enable it to answer any allegations in this said paragraph concerning persons employed in an "IT maintenance

- 12 -

1  staff position, or other substantially similar position," as those positions or classifications are not

2  adequately identified or defined; on that basis this answering defendant denies such allegations.

3  This answering defendant further denies that the doctrine of equitable tolling applies in any

4  manner to this action.

5       48.    Answering Paragraphs 73, 74 and 75, this answering defendant denies the

6  allegations of said paragraphs in their entirety; and further denies that the action may proceed or

7  be certified as a collective or class action on the basis alleged or otherwise; further denies that its

8  practices or policies violated the FLSA; and further denies that plaintiff and/or the class he

9  purports to represent is entitled to any damages or relief in any amount or manner, whether as

10  alleged or otherwise.

11      49.    Answering Paragraph 76 of the FAC, this answering defendant admits that it is

12  engaged in the business of communications in various states of the United States.  The balance of

13  the allegations of Paragraph 76 are a legal conclusion that require no answer from this answering

14  defendant.  To the extent such allegations require an answer, this answering Defendant denies

15  those allegations.

16      50.    Answering Paragraph 77 of the FAC, the statute of limitations contained in the

17  FLSA is in writing and speaks for itself.  The answering defendant avers that the allegations of

18  Paragraph 77 do not accurately quote the statue of limitations provisions in the FLSA.  This

19  answering defendant denies the balance of the allegations of Paragraph 77 and denies that it

20  violated the FLSA, willfully or otherwise.

21      51.    Answering Paragraph 78 of the FAC, this answering defendant denies that it

22  violated the FLSA, whether as alleged or otherwise, and denies that plaintiff and members of the

23  class he purports to represent are entitled to any relief in the manner or amount alleged or

24  otherwise.

25      52.    Answering Paragraph 79 of the FAC, this answering defendant avers that

26  employees employed by it as Technical Specialists – Installation and Maintenance were paid, at

27  relevant times, on an hourly (not salary) basis.  Further answering Paragraph 79 of the FAC, this

28  answering defendant admits that plaintiff and other employees that it employed as Technical

SDI-3911v1

- 13 -

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

1    Specialists – Installation and Maintenance were, at relevant times, non-exempt employees for

2    purposes of the Fair Labor Standards Act.  This answering defendant denies the balance of the

3    allegations of Paragraph 79 of the FAC, including a denial of all sums and amounts alleged, to be

4    alleged, or otherwise.

5         53.     Answering Paragraphs 80, 81, 82 and 83 of the FAC, this answering defendant

6    denies the allegations of said Paragraphs; further denies that this action may proceed or be

7    certified as a class or collective action, on the basis alleged or otherwise; and further denies that

8    plaintiff and/or the class he purports to represent is entitled to any relief in the manner or amount

9    alleged, or otherwise.

10   ## ANSWER TO ALLEGED SIXTH CAUSE OF ACTION

11   **[California Labor Code § 2698, et seq.]**

12        54.     Answering Paragraph 84 of the of the FAC, this answering defendant incorporates

13   by this reference its admissions, denials, responses and averments in response to Paragraphs 1-83

14   of the FAC, as though set forth here in full.  The balance of the paragraph is a statement of

15   plaintiff's intention in bringing this action which requires no response from this answering

16   defendant, other than a denial that plaintiff, and the class he purports to represent, is entitled to

17   any relief, whether as alleged, to be alleged or otherwise.

18        55.     Answering Paragraph 85 of the of the FAC, this answering defendant admits that

19   plaintiff receive a notice from the California Labor and Workforce Development Agency

20   ("LWDA"), which notice speaks for itself.  This answering defendant denies that the plaintiff

21   properly exhausted administrative remedies required by the California Labor Code Private

22   Attorneys' General Act.  The balance of the allegations in Paragraph 85 are legal conclusions that

23   require no answer from this answering defendant.  To the extent such allegations require an

24   answer, this answering Defendant denies those allegations.

25        56.     Answering Paragraph 86 of the of the FAC, this answering defendant avers that

26   the California Labor Code contains various provisions that can impose penalties on employers for

27   violations of the Labor Code, which provisions are in writing, speak for themselves and require

28   no answer from this answering defendant.  This answering defendant denies the balance of the

allegations of Paragraph 86 of the FAC, including a denial that plaintiff is entitled to recover any penalties under the California Labor Code Private Attorney General Act, whether as alleged or otherwise, for himself or others, in any amount.

**AFFIRMATIVE DEFENSES**

As separate affirmative defenses to the causes of action noted, this answering Defendant alleges and avers as follows:

FIRST AFFIRMATIVE DEFENSE –

(Failure To State A Claim – All Causes Of Action)

The First Amended Complaint, and each and every purported claim for relief therein, fails to state a claim against this answering Defendant for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE –

(Lack of *In Personam* Jurisdiction as Defendant Verizon Communications Inc.

– All Causes of Action)

The FAC, and each purported cause of action therein, fails as to defendant Verizon Communications Inc., because this court lacks *in personam* jurisdiction over Verizon Communications Inc.

THIRD AFFIRMATIVE DEFENSE –

(No Private Right of Action Exists For Violations of

Labor Code Section 204, 210, 218, 226, 226.7 and 5.12

– Second, Third or Fourth Causes of Action)

The claims alleged in the Second, Third and Fourth Causes of Action, purporting to constitute or state a claim for recovery under those sections, are without merit as a matter of law because no private right of action exists for violations of those statutes.

FOURTH AFFIRMATIVE DEFENSE –

(Failure to Exhaust Administrative Remedies

– Sixth Cause of Action)

The claim for penalties in the Sixth Cause of Action, and any claims for penalties under the California Labor Code Private Attorneys General Act ("PAGA") alleged in any other cause of

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

action, is barred because plaintiff failed to exhaust pre-litigation remedies required by the PAGA, and specifically by Labor Code § 2699.3  Further, some of the claims for penalties alleged in the Sixth Cause of Action and/or elsewhere in the FAC exceed the scope of the claims asserted in Plaintiff's pre-litigation filing under the Labor Code Private Attorney General Act with the California Labor and Workforce Development Agency.  As to those claims, they are barred insofar as they exceed the scope of the pre-litigation administrative filing.

FIFTH AFFIRMATIVE DEFENSE –

(Statute of Limitations – All Causes of Action)

The second, third and fourth causes of action, or portions thereof, are barred by the statutes of limitations contained in Code of Civil Procedure § 338, § 340(a) and other applicable statutes of limitations.  The first cause of action, or portions thereof, is barred by Code of Civil Procedure § 338, § 340(a), Business & Professions Code § 17208 and other applicable statutes of limitation.  The fifth cause of action, or portions thereof, is barred by the statute of limitations contained in 29 U.S.C. § 255(a); the sixth cause of action under the Labor Code Private Attorneys General Act, or portions thereof, is barred by Code of Civil Procedure § 340(a) and other applicable statutes of limitations.

SIXTH AFFIRMATIVE DEFENSE –

(No Willful Violation – Second Cause of Action)

Any claim for penalties under Labor Code § 203, in the second cause of action or elsewhere in the FAC, fails because any violations of §§ 201 or 202 of the Labor Code were not willful.  Plaintiff bears the burden of establishing that such violations were "willful".

SEVENTH AFFIRMATIVE DEFENSE –

(No Intentional Pay Stub Violations – Third Cause of Action)

Any claim for penalties under Labor Code § 226(e) fails because there was no intentional violation of section 226(a) of the Labor Code.  Plaintiff bears the burden of establishing both an injury in fact and that any violation of § 226(a) was intentional.

EIGHTH AFFIRMATIVE DEFENSE –

(No Willful Violation – Fifth Cause of Action)

Any claim based on the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, must be limited to a two-year period prior to the commencement of the action, inasmuch as no willful violation of the FLSA occurred.  Plaintiff bears the burden of establishing a willful violation pursuant to 29 U.S.C. § 255(a).

NINTH AFFIRMATIVE DEFENSE –

(Any Recovery of Penalties under Labor Code PAGA Must Be Reduced

- Sixth Cause of Action)

This answering denies any violations which would allow or justify penalties under the Labor Code Private Attorneys General Act.  However, in the event that such penalties are awarded, the Court, pursuant to Labor Code § 2699(e)(2), and other applicable provisions of law, should award a lesser penalty than the maximum amount, as to do otherwise would result in an award that is unjust, arbitrary and oppressive or confiscatory.

TENTH AFFIRMATIVE DEFENSE –

(Lack of Employment Relationship – All Causes of Action)

All claims against Verizon Communications Inc. fail because Verizon Communications Inc. never employed plaintiff or any member of the putative class.  Any claim against this answering defendant by a non-employee fails as a result of the absence of an employment relationship.  Plaintiff and/or the class bear the burden to establish an employment relationship.

ELEVENTH AFFIRMATIVE DEFENSE –

(Release, Accord and Satisfaction – All Causes of Action)

This answering Defendant denies that the action may be certified as a class action whether as alleged or otherwise.  However, if any class is certified, claims by any putative class member who has executed a release of such claims in favor of this answering Defendant are barred.

TWELFTH AFFIRMATIVE DEFENSE –

(Offset – All Causes of Action)

This answering Defendant denies that the action may be certified as a class action whether

1  as alleged or otherwise.  However, in the event a class is certified, this answering defendant is

2  entitled to an offset of any and all amounts due it from any member of the class.

3  THIRTEENTH AFFIRMATIVE DEFENSE –

4  (Lack of Competitive Injury  – First Cause of Action)

5  The First Cause of Action for alleged "unfair competition" fails because neither plaintiff

6  nor any member of the putative class suffered any competitive injury.  The existence of a

7  competitive injury is an element that plaintiff must prove.

8  FOURTEENTH AFFIRMATIVE DEFENSE –

9  (Lack of Standing – All Claims)

10  Plaintiff and the members of the putative class lack standing to pursue any claims alleged

11  other than in their individual capacities, with respect to the second through sixth causes of action,

12  inclusive.  Plaintiff and the members of the putative class lack any standing under the first cause

13  of action because they suffered no competitive injury; alternatively, certain members of the

14  putative class lack standing under that cause of action because they suffered no injury in fact.

15  Plaintiff and members of the putative class lack standing to recover penalties under § 226(e) or

16  other provisions of the Labor Code with respect to alleged wage statement violations in the third

17  cause of action, as they did not suffer injury as a result of any such alleged violations.  Standing is

18  an element of each claim that plaintiff or members of the putative class must establish.

19  FIFTEENTH AFFIRMATIVE DEFENSE –

20  (Payment – All Causes of Action)

21  This answering Defendant is entitled to an offset against any liability, or to a credit in the

22  computation of liability, with respect to all payments it made to plaintiff or any member of the

23  putative class.

24  SIXTEENTH AFFIRMATIVE DEFENSE –

25  (De Minimis Time Periods – All Causes of Action)

26  Claims by the plaintiff and/or members of the putative class are barred, in whole or in

27  part, because the time periods for which compensation is claimed fall within the de minimis rule

28  and are not compensable.

SEVENTEENTH AFFIRMATIVE DEFENSE –

(Exempt Status – All Causes of Action)

This answering defendant denies that this action may be maintained or certified as a class action, whether as alleged or otherwise. However, if any class is certified, it must exclude all employees in any classification who were exempt from overtime requirements pursuant to the administrative, professional, executive or computer professional exemptions under applicable California and/or federal law. Further, any claim for overtime pay by plaintiff or any member of the class is barred as to any time period in which plaintiff or such class member(s) was employed in an exempt capacity.

EIGHTEENTH AFFIRMATIVE DEFENSE –

(California Labor Code Section 514 – All Causes of Action)

This answering defendant denies that this action may be maintained or certified as a class action, whether as alleged or otherwise. However, if any class is certified, it must exclude all employees who were exempt from overtime pay requirements by virtue of California Labor Code § 514.

NINETEENTH AFFIRMATIVE DEFENSE –

(After-Acquired Evidence – All Causes of Action)

Claims by plaintiff and/or any member of the putative class are barred to the extent Defendant acquired evidence, after the date such claim(s) accrued, which would have disqualified plaintiff or any particular member of the putative class from being hired or would have resulted in his/her termination had this answering Defendant known of such evidence. Claims by the Plaintiff or any member of the putative class must be reduced accordingly.

TWENTIETH AFFIRMATIVE DEFENSE –

(Violation of Due Process and Unconstitutional Criminal Penalty– All Causes of Action)

The allegations in the Complaint seeking statutory penalties, whether under the PAGA or otherwise, constitute a denial of due process of law under the United States and California Constitutions. The purported remedies sought under the first cause of action pursuant to Business and Professions Code § 17200 would, if imposed, constitute a violation of defendant's right to

- 19 -

ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
TO FIRST AMENDED COMPLAINT

due process of law under the United States and California Constitutions. The prayer for "disgorgement of defendant's ill-gotten gains" would, if imposed, constitute a denial of due process of law in violation of the California and United States Constitutions. Any penalty awarded under any claim for relief must be limited to comport with requirements for due process of law, including the requirement that any penalty not be disproportionate to the harm caused.

### TWENTY FIRST AFFIRMATIVE DEFENSE –
### (Lack of Standing – Sixth Cause of Action)

Any claim for relief asserted by Plaintiff Fletcher in a representative capacity under the sixth cause of action must be supported by proof of the specific individuals he claims to represent, and the violations of the Labor Code occurring with respect to each such person including the amount of penalties to be awarded to each such person. Plaintiff Fletcher bears the burden of producing such proof and establishing such claims. In the absence of such proof, any award under the sixth cause of action would constitute a denial of due process of law under the California and United States Constitutions with respect to this answering Defendant.

### TWENTY SECOND AFFIRMATIVE DEFENSE –
### (Good Faith – Fifth Cause of Action)

Any claim for liquidated damages under the Fair Labor Standards Act, in the fifth cause of action or elsewhere, is barred, or, alternatively, such liquidated damages should be reduced, because this answering Defendant acted in good faith and had reasonable grounds to believe its conduct did not violate the FLSA.

### TWENTY-THIRD AFFIRMATIVE DEFENSE –
### (Preemption by Labor Management Relations Act; Failure to Exhaust Contractual Remedies)

This answering defendant denies that this action may be maintained or certified as a class action, whether as alleged or otherwise. However, in the event any class is certified which includes persons covered by a collective bargaining agreement, some or all such persons failed to exhaust the grievance/arbitration provisions of the relevant collective bargaining agreement and therefore their claims are barred. Further, as to any member of such class who is or was covered by a collective bargaining agreement, the claims of any such class member are preempted by the

1   Labor Management Relations Act, 29 U.S.C. § 185.

2   JURY TRIAL NOT AVAILABLE FOR CERTAIN CLAIMS

3       The demand for trial by jury is invalid as to, at least, the following claims: The first cause

4   of action in its entirety; all claims for penalties contained in any cause of action; the sixth cause of

5   action in its entirety; the fifth cause of action in its entirety; and all other issues in any cause of

6   action that require the interpretation of a statute as part of the resolution of the claim.

7   RESERVATION OF ADDITIONAL DEFENSES

8       This answering Defendant does not, at this stage of the proceeding, know and/or is not

9   aware of facts which may give raise to additional affirmative defenses, and reserves the right to

10  amend this Answer or to assert such additional defenses at a later time.

11  **PRAYER FOR RELIEF**

12      Wherefore, this answering defendant prays judgment against plaintiff, as follows:

13      1.      That that the First Amended Complaint be dismissed in its entirety, with prejudice.

14      2       That plaintiff and/or the class or subclasses he purports to represent take nothing

15  by the Complaint.

16      3.      For an order denying certification of any class or collective action, whether as

17  alleged in the FAC or otherwise.

18      4.      For its reasonable attorneys' fees pursuant to California Labor Code § 218.5 or any

19  other applicable provisions of law.

20      5.      For its cost of suit.

21      6.      For such other and further relief as the Court deems just, proper and equitable.

22

23  Dated: October 27, 2009                    JONES DAY

24

25                                             By:   /s/

26                                                   Brian L. Johnson

27                                             Attorneys for Defendant
                                               VERIZON ENTERPRISE DELIVERY, LLC

28

SDI-3911v1                                                        ANSWER OF VERIZON ENTERPRISE DELIVERY LLC
                                    - 21 -                                TO FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I, Brian L. Johnson, declare:

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 12265 El Camino Real, Suite 200, San Diego, California 92130. On October 27, 2009, I served a copy of the **ANSWER OF VERIZON ENTERPRISE DELIVERY LLC TO FIRST AMENDED COMPLAINT** by electronic transmission.

I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Norman B. Blumenthal, Esq.
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
BLUMENTHAL, NORDREHAUG & BHOWMIK
2255 Calle Clara
La Jolla, CA 92037
Telephone: 858-551-223
Email: kyle@bamlawlj.com

Walter Haines, Esq.
UNITED EMPLOYEES LAW GROUP
65 Pine Ave., #321
Long Beach, CA 90802
Telephone: 562-256-1047

Attorneys for Plaintiffs

Executed on October 27, 2009, at San Diego, California.

_/s/ Brian L._ Johnson
Brian L. Johnson