1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT FLETCHER; on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VERIZON COMMUNICATIONS INC., a corporation doing business as VERIZON; VU VERIZON ENTERPRISE DELIVERY, an unknown entity; VERIZON ENTERPRISE DELIVERY LLC, a limited liability company; and DOES 1 through 10,<br><br>Defendants. | CASE NO. **09-CV-1736 LAB (POR)**<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Judge:   Hon. Larry A. Burns<br><br>Courtroom: 9 |

[

1  Plaintiff Brent Fletcher ("Plaintiff") and Defendant Verizon Enterprise Delivery, LLC ("Defendant") have submitted a joint motion for conditional certification of a settlement class in this action, preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, approval of the claim form, and the setting of a date for the hearing on final approval of the settlement.

The Court having read and considered the papers on the motion and the law, and good cause appearing therefore,

IT IS ORDERED:

1. The Court has jurisdiction over this action and the parties' proposed settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

2. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable and a well-defined community of interest exists in the questions of law and fact affecting the parties.

3. The parties' Settlement Agreement and Release ("Settlement Agreement"), attached to the Declaration of Norman B. Blumenthal ["Blumenthal Decl."] as Exhibit A, is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

4. Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

> (1) the strength of the plaintiffs' case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the risk of maintaining class action status throughout the trial;
> (4) the amount offered in settlement;
> (5) the extent of discovery completed and the stage of the proceedings;
> (6) the experience and views of counsel;
> (7) the presence of a governmental participant; and

[

1	(8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); see also *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). These factors are not exclusive, and in some circumstances, one factor may deserve more weight than others or alone may even prove to be determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). In addition, the settlement may not be the product of collusion among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Given that some of these factors cannot be fully assessed until the Court conducts the Final Approval Hearing, a full fairness analysis is unnecessary at this stage. *Singer v. Becton Dickinson and Co.*, 2009 WL 4809646, at *7 (S.D. Cal. 2009) (citation and quotations omitted). "Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible range of possible judicial approval and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." Id. (citations and quotations omitted). All of the factors considered for class settlement approval support the preliminary approval of the Settlement:

    a.	**The Strength of the Plaintiffs' Case**. The FAC alleges that employees in the Settlement Class were not paid for all hours of work because of their time spent on standby status should have been compensated but was not. However, employees on standby status are not entitled to compensation for the standby period unless the standby time is "controlled." See *Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 522 (2009). Here, variations of call frequency and response time presented serious threats both to establishing class certification and that the standby time was "controlled" and therefore compensable. Defendant contended that the employees were able to engage in personal activities and remain at home during standby periods, and therefore, the standby time was

[

not compensable.  Moreover, Defendant paid the employees for their time when they were dispatched.  As to the meal break claim, the extent of the duty of the employer to "provide" meal periods is current under review by the California Supreme Court in *Brinker v. Superior Court*, and therefore, the law is uncertain as to whether the employer need only make meal periods "available" and whether a class may be certified as to this claim.  With respect to the claim for miscalculation of the regular rate by excluding the stipend from the calculation, this claim only resulted in a relatively modest loss to the class.  Finally, many employees signed releases as part of a severance which potentially bar the claims asserted in this action. Given the above uncertainties, this factor weighs in favor of granting preliminary approval of the settlement.

b. **The Risk, Expense, Complexity, and Likely Duration of Further Litigation**. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526.  Here, the parties have indicated a clear intention and desire to resolve this matter and clearly, continued litigation would have proved expensive for both sides.  The parties acknowledge that litigating and trying this action may have led to possible appeals. This factor weighs in favor of preliminary approval.

c. **The Risk of Maintaining Class Action Status**. Plaintiffs also argue that there was a "significant risk" that they would not have been able to obtain class certification and maintain the certified class through trial.  Class certification in this action is hotly disputed by Defendant.  This factor weighs in favor of preliminary approval of the settlement.

d. **The Amount Offered in Settlement**. When analyzing the amount offered in settlement, the Court should examine "the complete package taken as a whole, rather than the individual component parts" to determine whether the proposal is fair. *Officers*

[

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*for Justice*, 688 F.2d at 628. "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to class members at trial." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)). "[T]he very essence of a settlement is compromise." *Linney*, 151 F.3d at 1242 (citation omitted). The Gross Settlement Amount is $750,000. The allocation formula for the Settlement is as follows: (i) Each Settlement Class Member's "settlement shares" will be calculated by counting his or her weeks worked in one or more of the applicable job classifications after August 10, 2005, and according to whether the Settlement Class Member worked (or did not work) as a member of the team supporting the Kaiser Permanente account; (ii) For each week in which the Settlement Class Member worked on the team supporting the Kaiser Permanente account, he or she shall receive three settlement shares. For each week in which the Settlement Class Member worked on a team other than the team supporting the Kaiser Permanente account, he or she shall receive one settlement share. Any week in which a class member worked under a collective bargaining agreement shall not be included in the calculation. Any week in which a Settlement Class Member worked in a classification other than one of the four classifications identified in Section 2(j) or 13 of the Settlement Agreement shall be excluded from the calculation; (iii) All Settlement Class Members' settlement shares will be added together to obtain the total number of settlement shares; (iv) Each Settlement Class Member's individual settlement share will be divided by the total number of settlement shares for all Settlement Class Members. That ratio will then be multiplied by the Net Settlement Amount to determine each Settlement Class Member's monetary Settlement Award. For the 89 members of the Settlement Class who previously signed releases of claims with Defendant (or a related entity) and have received separation pay and other valuable consideration in exchange for those releases, the settlement share shall be reduced by seventy percent if the Eligible Class Member previously signed a release of all claims against Defendant. (Settlement Agreement at

[

¶31(b).)  Here, Class Counsel estimated that Defendant was subject to total maximum liability, including, overtime, standby time, meal break compensation and penalties, in the amount of between $2,593,000 and $2,424,000.  Defendant contended that any potential liability was far lower, and that Defendant's defenses would negate any recovery altogether.  The settlement of $750,000, before deductions, represents at least 30.9% of the total maximum liability estimated by Class Counsel, assuming these amounts could be proven at trial.  A settlement of this amount falls within the range of similar settlements in the Ninth Circuit.  Accordingly, the Court finds the amount offered in settlement weighs in favor of granting preliminary approval of the settlement.

    e.   **The Extent of Discovery Completed and the Stage of the Proceedings**. The proposed settlement in this case was reached at an early stage in the proceedings; thus, no formal discovery took place prior to settlement. Rather, Defendant, in preparation for attending mediation, informally provided Plaintiff with necessary information to evaluate the case for mediation, including time records and payroll information for members of the class.  Plaintiffs, with the assistance of their damages expert, analyzed the data and calculated damages.  Plaintiff has adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement.  Accordingly, the Court finds that this factor supports preliminary approval of the settlement.

    f.   **The Experience and Views of Counsel**.  Both Class Counsel and Defendant's counsel are of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the class.  The settlement was negotiated and approved by experienced counsel on both sides of the litigation.  Accordingly, this factor weighs in final of preliminary approval.

    g.   **The Presence of a Governmental Participant**.  This factor does not weigh in the Court's analysis as there is no governmental participant in this action.

[

- 5 -

   h. **The Reaction of the Settlement Class to the Proposed Settlement**.  The reaction of the Settlement Class Members to the proposed settlement cannot be evaluated at this time. This factor will be appropriate for consideration at the hearing for final approval of the settlement.

5. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members, the vast majority whose identities and addresses are known to the parties, and such mailed notice is the best notice practicable. The parties' proposed Notice of Preliminary Approval of the Settlement ("Class Notice") (Settlement Agreement, Exh. A), and proposed Claim Form (*id*., Exh. B) are sufficient to inform Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved.

6. The following class of persons are certified as the Settlement Class in this action solely for the purposes of the Settlement:

> All current and former hourly Employees of VED based or domiciled in California, excluding any employees covered by a collective bargaining agreement between a labor union and VED, who worked during any portion or all of the period from August 10, 2005 through September 30, 2010, in any of the following classifications: (a) Technical Specialist – installation and maintenance, (b) Specialist – installation and maintenance, (c) Analyst – installation and maintenance, or (d) Coordinator – installation and maintenance.

For purposes of settlement only, the Court conditionally certifies the above Settlement Class and finds that the prerequisites to certification under Rule 23 of the Federal Rules of Civil Procedure as satisfied as follows:

   a. **Numerosity.**  According to the Parties, the Settlement Class is comprised of approximately 308 Settlement Class Members.  This number is sufficient to make joinder impracticable.  The Court finds that the number of Settlement Class Members satisfies the numerosity requirement for settlement purposes only.

[

- 6 -

1         b. **Commonality.** The Court finds for settlement purposes only that commonality exists for the Settlement Class because the Settlement Class Members are all employees scheduled for standby periods and share common claims.

        c. **Typicality**. The court finds for settlement purposes only that typicality exists for the Settlement Class because Plaintiffs and Settlement Class Members are all employees scheduled for standby periods and share common claims.

        d. **Adequate Representation**. The Court finds for settlement purposes only that the named plaintiff, Brent Fletcher, has and will fairly and adequately protect the interests of the Settlement Class, as required under Rule 23(a)(4), and do not have any conflicts of interest with the absent class members, and accordingly finds that they are suitable class representatives. Additionally, after reviewing the qualifications of the applicants for appointment of class counsel, Blumenthal, Nordrehaug & Bhowmik, the Court finds that counsel satisfy the adequacy requirements of Rule 23(g)(1) and (4).

        e. **Predominance**. The court finds for settlement purposes only that common questions predominate for the Settlement Class because the Settlement Class Members are all employees scheduled for standby periods asserting the same claims and share common claims.

        f. **Superiority**. The court also finds for settlement purposes only that the Settlement Class satisfies the superiority requirement of Rule 23(b)(3) because a class settlement would enable Settlement Class Members' collectively to resolve their common claims.

7. Any Settlement Class Member who submits a timely and valid Claim Form will receive a Settlement Share.

8. Any Settlement Class Member who wishes to comment on or object to the Settlement or Class Counsel's attorney's fee or cost award, or who elects not to participate in the

[

- 7 -

1  Settlement has until 60 days after the mailing of the Class Notice to submit his or her comment,
2  objection, or request for exclusion pursuant to the procedures set forth in the Class Notice. Class
3  Counsel must file their application for the attorney's fees and costs prior to the mailing of the
4  Class Notice so that the application is available for review by Settlement Class Members, and the
5  application will be heard at the Final Approval Hearing

6   9.  Gilardi & Co. is appointed to act as the Claims Administrator, pursuant to the
7  terms set forth in the Settlement.

8   10.  The Class Notice will be disseminated according to the notice plan described in the
9  Settlement Agreement and substantially in the form submitted by the parties. Proof of
10 distribution of notice will be filed by the parties at or prior to the final approval hearing.

11  11.  Defendant is directed to provide the Settlement Administrator the names, last-
12 known addresses, telephone numbers, and social security numbers of the Settlement Class
13 Members as specified by the Settlement Agreement no later than 14 days after the date of this
14 order.

15  12.  The Settlement Administrator is directed to mail the approved Class Notice Packet
16 by first-class mail to the Class Members no later than 7 days after receipt of the class list from
17 Defendant.

18  13.  Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not
19 later than ten days after the entry of this Order, Defendant will serve upon the Attorney General
20 of the United States and the appropriate state official of each state in which a Class Member
21 resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of
22 the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packet;
23 and the names of Settlement Class Members who reside in each state and the estimated
24 proportionate share of the Settlement Class Members in each state compared to the entire
25 Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds
26 that this procedure will discharge Defendant's obligations under CAFA to provide notice to the
27 appropriate federal and state officials.

28

[

1       14.    A final hearing will be held on April 25, 2011, at 11:45 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Settlement Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representative's request for a service award and Class Counsel's request for attorney's fees and costs. Settlement Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative service award and Class Counsel's request for attorney's fees and costs, if they so desire, as set forth in the Class Notice.

      15.    Any Settlement Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. For any comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court indicating briefly the nature of the Class Member's comments, support or objection. Comments or objections to the Settlement or to the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment must be filed with the Court, and mailed to Class Counsel, not later than 45 days after mailing of the Class Notice Packet.

      16.    The Court reserves the right to continue the date of the final approval hearing without further notice to Settlement Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

DATED: November 16, 2010

_____
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

[

- 9 -