1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT FLETCHER; on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>VERIZON COMMUNICATIONS INC., a corporation doing business as VERIZON; VU VERIZON ENTERPRISE DELIVERY, an unknown entity; VERIZON ENTERPRISE DELIVERY LLC, a limited liability company; and DOES 1 through 10,<br><br>　　　　Defendants. | CASE NO. 09-CV-1736 LAB (POR)<br><br>**ORDER:**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS ACTION;**<br><br>**(2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(3) ENTERING FINAL JUDGMENT**<br><br>Hearing Date:　　May 23, 2011<br>Hearing Time:　　11:45 a.m.<br>Judge:　　Hon. Larry A. Burns<br>Courtroom: 9 |

1   On May 23, 2011, a hearing was held on the motion of plaintiff Brent Fletcher for final approval of the class settlement (the "Settlement") and payments to the Labor and Workforce Development Agency and the Claims Administrator. Blumenthal, Nordrehaug & Bhowmik appeared for Plaintiff; and Jones Day appeared for Defendant Verizon Enterprise Delivery, LLC ("VED").

The Parties have submitted their Settlement, which this Court preliminarily approved by its November 17, 2010, order (Docket No.20) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, as amended by the Order dated March 2, 2011 (Docket No. 23), Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions. Class Members have also been provided with a claim form.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.   Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

2.   The Court has jurisdiction over this action and the Settlement pursuant to pursuant to 28 U.S.C. section 1332(a).

3.   Pursuant to this Preliminary Approval Order, a Class Notice mailing consisting of a Notice of Pendency of Class Action Proposed Settlement and a Claim Form was sent to each class member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Award, their right to comment on or object to the Settlement and/or Class Counsel's request for attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

5. No Class Members filed written objections to the proposed settlement as part of this notice process or stated an intent to appear at the final approval hearing. Six (6) Class Members opted-out of the Settlement, whose names are set forth in the Declaration of the Claims Administrator.

6. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

7. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the class members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8. The Court finds and determines that the Settlement Shares to be paid to the Claimants as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Claimants out of the Net Settlement Amount in accordance with the Settlement.

9. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $18,750 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

10. The Court finds and determines that the fees and expenses of Gilardi & Co. in administrating the settlement, in the amount of $15,000, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

11. The Court determines by separate order the request by Plaintiff and Class Counsel to the Representative Plaintiff's service award, Class Counsel's attorneys' fees, and Class Counsel's litigation expenses.

12. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that VED make payments to the Claimants in accordance with the Settlement.

13. Upon completion of administration of the settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the Parties.

14. By operation of the entry of this Final Approval Order and pursuant to the Settlement, Plaintiff and the Settlement Class Members are permanently barred from prosecuting against VED and the Released Parties any of the Released Claims.

15. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. VED in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Gallagher.

17. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

18.     Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

19.     The Parties are hereby ordered to comply with the terms of the Settlement.

20.     This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

DATED: 5-23-11

_____
HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

- 4 -